THE STATE OF OHIO, APPELLANT, *v.*
WOLOS, APPELLEE.

(No. 44694—Decided January 27, 1983.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellant.

*Mr. Lawrence Scully,* for appellee Gerald Wolos.

ANN MCMANAMON, J. This case presents an appeal by the state upon the dismissal of defendant-appellee's indictment for the reason that the statutory time had run pursuant to the Speedy Trial Act, R.C. 2945.71. As the basis for dismissal, the trial court determined that a period of incarceration on the day of defendant's arraignment was, in fact, a day in jail, entitling defendant to three-days credit under the statute, and that it was this three-for-one determination which moved the date of trial commencement in this case to the two hundred seventy-second day after defendant's arrest. The state claims, in support of its sole assignment of error,[1] that the trial court erred in awarding the defendant three days by reason of his detention during the arraignment process.

The appeal is well-taken.

Defendant was arrested on February 9, 1981 for attempted aggravated murder. He spent four days in jail before being released on bond. On March 11, 1981, defendant was indicted on two counts of attempted aggravated murder, served with summons, and ordered to appear for arraignment in the court of common pleas on April 1, 1981. Upon entering his plea of not guilty at arraignment, defendant was processed by the sheriff's department, and, later that same day, after posting bond, defendant was released.

Although the defendant's trial was originally set for September 24, 1981, it was continued by the trial court *sua sponte.* The court's journal for that date, filed on October 8, 1981, indicates that the court was in trial on September 24, 1981 with a criminal case, No. CR-163,936. Trial was that day reset for October 8, 1981, on which date the court's journal again reflects that the court was engaged in a criminal case, No. CR-166,166, and trial was rescheduled once more, this time to October 27, 1981.

The defendant's trial was commenced on October 27, 1981, and on the following day, before opening statements, the defendant moved for dismissal on the ground that the statutory time limits had run on October 26, 1981. It is the contention of defendant that his detention by the sheriff in the post-arraignment process and within the jail on April 1, 1981 amounted to a day in jail in lieu of bail as contemplated by former R.C. 2945.71(D)[2] (now R.C. 2945.71[E]). We disagree.

---

[1] "The trial court committed prejudicial error in granting the motion of the defendant to dismiss and discharge the defendant on the basis that he had been denied a speedy trial."

[2] "(D) For purposes of computing time * * * each day in which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

Crim. R. 10 defines the arraignment process. Section (B) of that rule mandates the presence of defendant, except that, in certain circumstances, with the written consent of defendant and the approval of the prosecuting attorney, defendant may be excused.

In his brief, counsel for defendant argues that the arraignment process itself was the product of a subpoena on defendant which involuntarily rendered the defendant's appearance before the court a form of incarceration. There is no authority for this position. It is at the arraignment that a defendant is fully informed, among other things, as to his bail rights (Crim. R. 10[C][3]), and bond is set. It is uncontroverted that defendant appeared as mandated, was arraigned pursuant to the Rules of Criminal Procedure, and was then conducted by the sheriff into holding facilities where he was processed; defendant subsequently posted the bond set by the arraigning judge. The question is whether or not this process constitutes such a detention as to be counted as a day served in lieu of bail.

The only legislative definition of the word "detention" is contained in R.C. 2921.01(E), to wit:

"* * * [A]rrest, or confinement in any facility for custody of persons charged with or convicted of crime or alleged or found to be delinquent or unruly, or detention for extradition or deportation. *Detention does not include* supervision of probation or parole, nor *constraint incidental to release on bail.*" (Emphasis added.)

The definition by the legislature is express in its exclusion of the type of supervision incidental to the sheriff's process for release on bail after arraignment. The record does not reflect, nor is any claim made, that the process involved in the post-arraignment activity of the sheriff in the instant case was in any way fraught with delay, unreasonable or otherwise.

The defendant was arrested on February 9, 1981, and spent four days in jail in lieu of bail. Consequently, when defendant did make bail on February 12, 1981, twelve of the statutory two hundred seventy days had run. In the absence of any further incarceration for the charges set forth in the indictment, the defendant was required to be brought to trial within two hundred fifty-eight days, *i.e.,* on or before October 28, 1981. The record reflects that jury selection commenced on October 27, 1981, and that the defendant's motion for dismissal was made during the course of the proceedings on October 28, 1981, the two hundred seventieth day after his arrest.

The record also reflects that the trial court continued the date set for trial *sua sponte* on two separate occasions prior to October 28, 1981, each time making an entry stating the reason for the continuance to be the fact that the court was on that date engaged in the trial of a specific criminal case.

We also find that the statutory time requirements of R.C. 2945.71 *et seq.* have been met, since the court's extensions of time were reasonable beyond serious question as delineated in *State* v. *Lee* (1976), 48 Ohio St. 2d 208 [2 O.O.3d 392].

Accordingly, we reverse the trial court's dismissal of the indictment and remand this case for trial.

*Judgment reversed*
*and cause remanded.*

CORRIGAN, P.J., and NAHRA, J., concur.

ANN MCMANAMON, J., of the Court of Common Pleas of Cuyahoga County, sitting by assignment in the Eighth Appellate District.