**The STATE of Ohio, Appellee,**

**v.**

**BROWNLOW, Appellant.**

[Cite as *State v. Brownlow* (1991), 75 Ohio App.3d 88.]

Court of Appeals of Ohio,
Allen County.

No. 1-89-101.

Decided Sept. 11, 1991.

David Bowers, Prosecuting Attorney, and Gary R. Hermon, for appellee.
Bill C. Littlejohn, for appellant.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from a judgment of the Common Pleas Court of Allen County denying appellant Easter Brownlow's motion for a new trial, following her conviction on four counts of aggravated trafficking in cocaine in violation of R.C. 2925.03(A)(1), one count of aggravated trafficking in cocaine in violation of R.C. 2925.03(A)(6), one count of aggravated trafficking in cocaine in violation of R.C. 2925.03(A)(5), and one count of drug abuse in violation of R.C. 2925.11(A). From the trial court's denial of appellant's motion for a new trial, appellant asserts seven "issues."

Appellant's brief violates App.R. 12(A), App.R. 16(A), App.R. 19(A) and Loc.R. 7 of the rules promulgated by this court. Notwithstanding these rules violations, we will address the tenor of appellant's seven "issues," as two arguable assignments of error.

First, we consider whether, as claimed, appellant was denied her right to a speedy trial pursuant to R.C. 2945.71(C)(2) and 2945.71(E). Appellant was arrested and incarcerated on June 22, 1989. Pursuant to Crim.R. 46, appellant was released from custody on June 26, 1989, and, as a condition of her bond for release, agreed to abide by the provisions of house arrest and electronic surveillance. Trial began on September 25, 1989.

A person charged with a felony must be brought to trial within two hundred seventy days after his or her arrest. R.C. 2945.71(C)(2). Each day the accused is in jail in lieu of bail is counted as three days in computing time under this statute. R.C. 2945.71(E). Appellant was in jail from June 22, 1989

to June 26, 1989, a period of five days. She was released on June 26, 1989, after posting bond and agreeing to the provisions of the electronic home arrest program.

Pursuant to the terms of the electronic home arrest program, appellant agreed to wear an electronic ankle bracelet twenty-four hours per day and to leave her home only after obtaining prior permission from the Home Arrest Coordinator/Probation Officer. Appellant contends that the home arrest program is equivalent to being incarcerated in the Allen County Jail and, therefore, she argues that she had a right to be tried within ninety days of her arrest.

Appellant cites no authority in support of her argument that the home arrest program is tantamount to being incarcerated and this court has found no such authority. R.C. 2945.71(E) clearly provides that each day is to be counted as three days only when the accused is *held in jail in lieu of bail.* Rather than being held in jail in lieu of bail, appellant was released after posting bond. This court cannot envision any of the circumstances of appellant's home arrest program as equivalent to being incarcerated.

An accused's right to bail is governed by Crim.R. 46. The court is authorized by that rule to impose restrictions and conditions on an accused's right to bail in order to assure her appearance at trial. In particular, Crim.R. 46(C)(2) authorizes the court to impose restrictions on the accused's travel, association, or place of abode. Crim.R. 46(C)(5) authorizes the court to "[i]mpose any other constitutional condition considered reasonably necessary to assure appearance." The trial court in this case did not exceed its authority in placing restrictions on appellant pursuant to the home arrest program.

It is clear that appellant was out on bail from June 26, 1989 until the trial date of September 25, 1989. She is not entitled to have those days considered as jail time for purposes of computing the days for speedy trial pursuant to R.C. 2945.71(E).

It has been held that detention by the sheriff's office, following a defendant's not guilty plea during arraignment, does not constitute such detention as to be counted as a day served in jail in lieu of bail for speedy trial purposes. *State v. Wolos* (1983), 8 Ohio App.3d 361, 8 OBR 473, 457 N.E.2d 358. The court noted:

"The only legislative definition of the word 'detention' is contained in R.C. 2921.01(E), to wit:

" ' * * * [A]rrest, or confinement in any facility for custody of persons charged with or convicted of crime or alleged or found to be delinquent or

unruly, or detention for extradition or deportation. *Detention does not include* supervision of probation or parole, nor *constraint incidental to release on bail.'*" (Emphasis *sic.*) *Id.* at 362, 8 OBR at 474, 457 N.E.2d at 360.

The restraints placed on appellant pursuant to the home arrest program are clearly not "detention," which would entitle her to count each day as three days in accordance with R.C. 2945.71(E).

Having determined that appellant's right to a speedy trial pursuant to the Ohio statute was not violated, we do not address the more broad constitutional right to speedy trial which was impliedly raised in appellant's brief but not argued.

 Even assuming *arguendo* that appellant's contention is correct in asserting that the time spent in the home arrest program constituted jail time, her statutory right to a speedy trial still.has not been violated because several motions filed by her extended the time within which she must have been brought to trial. R.C. 2945.72(E) provides that the time period is extended by any delay necessitated by any motion made by the accused.

 Appellant herein filed several motions during the pendency of the case. She filed a motion to suppress evidence, a motion to preserve and produce substance for independent laboratory analysis, and a motion for bill of particulars, all on August 16, 1989; a motion for continuance on August 18, 1989; and two motions to dismiss on August 28, 1989. All of these motions tolled the time period for speedy trial purposes. Even if the other motions made by appellant could not be considered to have tolled the time period, the motions to dismiss clearly did so. *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 67, 10 OBR 352, 356, 461 N.E.2d 892, 896; and *State v. Bunyan* (1988), 51 Ohio App.3d 190, 193, 555 N.E.2d 980, 983. Those motions were filed on August 28, 1989, and denied by the trial court on September 8, 1989.

As previously mentioned, appellant was arrested and incarcerated on June 22, 1989. Applying the triple-time calculation of R.C. 2945.71(E), appellant should have been tried no later than September 19, 1989, or ninety days from June 22, 1989, including that date. However, on August 16, 1989, appellant filed a motion to suppress evidence which came on for hearing twelve days later, on August 28, 1989. At hearing on August 28, on appellant's oral motion, the hearing was continued until September 13, 1989, resulting in an additional sixteen days chargeable to the defense. Included during the time elapsed while appellant's motions of August 16 were pending was the eleven-day period between her motions to dismiss, filed August 28, 1989 and overruled by entry on September 8, 1989. Thus, again applying the tripling

factor to the time elapsed and chargeable to the defense, we add nine days [1] to the time allowed to bring appellant to a speedy trial, concluding that date to be September 28, 1989. Appellant was brought to trial on September 25, 1989, within the limit allowed by statute for trial of an incarcerated defendant charged with a felony violation.

Accordingly, for the reasons stated above, appellant's first assignment of error is overruled.

We interpret appellant's principal argument in the other issues raised to assert generally that the jury's verdict is against the manifest weight of the evidence. A jury verdict will not be reversed by a reviewing court as being against the manifest weight of the evidence if "there is substantial evidence upon which a jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt." *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus. When reviewing a claim that a jury verdict is against the weight of the evidence, "a reviewing court's duty is to review the record to determine whether there was sufficient evidence for the jury to find defendant guilty beyond a reasonable doubt." *State v. Brown* (1988), 38 Ohio St.3d 305, 313, 528 N.E.2d 523, 535, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177, 103 L.Ed.2d 239. This court's review of the record discloses that the evidence presented on each and every element of the offenses charged was sufficient to enable the jury to find appellant guilty of the offenses beyond a reasonable doubt.

■ Appellant asserts that at trial, in response to the charge against her of violation of R.C. 2925.03(A)(1), aggravated trafficking in drugs, she established the affirmative defense provided by R.C. 2925.03(F), by showing that the cocaine in question was held for her personal use. This argument ignores the provision contained in R.C. 3719.01(EE), including gifts in the definition of "sale." The evidence at trial established that appellant gave the cocaine which was the subject of this count of the indictment to the state's witnesses.

■ Further, the affirmative defense claimed by appellant applies only to charges of possession, not the sale of drugs with which appellant was charged.

■ Finally, because appellant did not object at trial to the trial court's failure to instruct on the affirmative defense now asserted, she is now precluded from raising this issue here on appeal.

---

**1.** Twenty-eight days divided by acceleration of three equals nine and one-third days or nine days used *arguendo.*

 Appellant asserts that she was denied a fair trial because of the misconduct of witnesses, a juror and a spectator. Appellant raised this issue before the trial court in her motion for new trial. Appellant has failed to show this court any prejudice resulting to her from such alleged misconduct. The trial court found no prejudice to appellant due to such alleged misconduct, and this court has found the record on appeal to contain no evidence supporting appellant's claim. In particular, appellant alleges misconduct on the part of two of the state's witnesses, but fails to point to any evidence in the record supporting that allegation. Also, appellant alleges misconduct on the part of a police officer who was to be called as a witness by the prosecution and who was present in the courtroom, apparently, during the prosecution's opening statement, but before any witness had testified. Appellant again fails to show any prejudice due to such conduct.

As for the alleged misconduct on the part of a juror, appellant again fails to show what, if any, effect this may have had on jury deliberations and fails to show any prejudice as a result of such alleged misconduct. See *State v. Hipkins* (1982), 69 Ohio St.2d 80, 83, 23 O.O.3d 123, 125, 430 N.E.2d 943, 946. Appellant also claims that she was denied a fair trial because a spectator was allegedly taking information back and forth to witnesses. Again, although the trial court inquired upon counsel's complaint of this suspected conduct, the record does not show what, if any, information was conveyed to whom. The court having admonished the spectator to quit "whatever he's doing," there is no showing the activity persisted, or, if so, how the conduct may have prejudiced appellant's right to a fair trial.

 Appellant asserts that certain cassette tapes should not have been admitted into evidence. She asserts only that the tapes as admitted were inaudible. It appears that the court instructed the jury on the weight to be given this evidence, and appellant identifies or demonstrates no prejudice. Since these tapes were inaudible, it is difficult to conceive of any prejudice to appellant in their admission.

 Appellant argues that there was not sufficient evidence to show possession of drugs by her. This assertion is without merit. There is ample evidence in the record to show beyond a reasonable doubt that appellant had possession of cocaine. Several witnesses testified at trial concerning appellant's possession of cocaine and, furthermore, cocaine was found in appellant's possession at the time of her arrest. Appellant argues that she was entitled to a jury instruction as to constructive possession, concerning the cocaine that was found in her yard at the time of her arrest, but she did not object to the jury instructions at trial and failure to object constitutes a waiver of any error that may have resulted. See *State v. Jester* (1987), 32 Ohio St.3d 147, 150, 512

N.E.2d 962, 966, certiorari denied (1988), 484 U.S. 1047, 108 S.Ct. 785, 98 L.Ed.2d 871.

Appellant's assertion that the state failed to show the elements of aggravated trafficking in drugs under R.C. 2925.03(A)(5) is also without merit. There is abundant evidence in the record, both from the testimony of the informants and of a Drug Enforcement Agency detective, and from the contents of a tape recording, that appellant sold or offered to sell to the informants an amount equal to or exceeding the bulk amount.

■ Appellant's argument that her sentence constituted cruel and unusual punishment is likewise without merit. The trial court imposed sentences within the statutory guidelines. A trial court has broad discretion in imposing a sentence and a reviewing court will not interfere with the sentence unless the trial court abused its discretion. *State v. Yontz* (1986), 33 Ohio App.3d 342, 515 N.E.2d 1012.

" '[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * * ' " *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264, 313, certiorari denied (1985), 472 U.S. 1032, 105 S.Ct. 3514, 87 L.Ed.2d 643, citing *Spalding v. Spalding* (1959), 355 Mich. 382, 384–385, 94 N.W.2d 810, 811–812.

Applying this test, we see no abuse of discretion by the trial court.

■ A sentence which is within statutory guidelines is not excessive and does not constitute cruel and unusual punishment. Cf. *State v. Miller* (App.1939), 28 Ohio Law Abs. 571.

■ Appellant asserts that the jury instructions were improper. Crim.R. 30(A) provides that:

"A party may not assign as error the giving or failure to give any instructions unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. * * * "

It is clear from a review of the record that appellant did not at any time object to the instructions given by the trial court, nor did appellant proffer any proposed instructions to the trial court. Such a failure to object constitutes a waiver of any claim of error relating thereto, unless, but for the error,

the outcome of the trial clearly would have been different. *State v. Underwood* (1983), 3 Ohio St.3d 12, 3 OBR 360, 444 N.E.2d 1332, syllabus. Moreover, appellant has failed to show how the outcome would have been different absent the instructions given. Taken as a whole, the jury instructions were not prejudicial to appellant. See *State v. Fields* (1984), 13 Ohio App.3d 433, 13 OBR 521, 469 N.E.2d 939.

For the foregoing reasons, appellant's second assignment of error is overruled.

Accordingly, the judgment of the Common Pleas Court of Allen County is affirmed.

*Judgment affirmed.*

HADLEY and SHAW, JJ., concur.