**The STATE of Ohio, Appellant,**

**v.**

**KEITH, Appellee.**

[Cite as *State v. Keith* (1998), 130 Ohio App.3d 456.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

Nos. CA98–03–016, CA98–03–017 and CA98–03–018.

Decided Nov. 9, 1998.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David H. Hoffmann,* Assistant Prosecuting Attorney, for appellant.

*Clarence Keith, pro se.*

KOEHLER, Judge.

Plaintiff-appellant, the state of Ohio, appeals a decision of the Clermont County Municipal Court granting the motion to dismiss of defendant-appellee, Clarence Keith, on speedy trial grounds.

On October 20, 1997, three ten-count complaints were filed against Keith, alleging that on thirty separate occasions from September 8, 1997 to October 7, 1997, Keith maintained "unlicensed, dismantled or totally disabled automobiles,

discarded furniture, or other material in the open on [his property] for a period of more than thirty days" in violation of R.C. 519.23 and Wayne Township Zoning Resolution Article IV, Section 10, Paragraph D. Keith was served with the complaints on October 22, 1997. Following several pleadings filed by Keith, which were denied by the trial court on January 7, 1998, a bench trial was set for January 29, 1998. That day, Keith orally moved the trial court to dismiss the three complaints for denial of a speedy trial. By judgment entry filed January 29, 1998, the trial court granted Keith's motion to dismiss and dismissed the three cases against Keith. This timely appeal followed.

In its sole assignment of error, the state argues that the trial court erred in granting Keith's motion to dismiss on speedy trial grounds. We disagree.

While the three cases against Keith were consolidated on appeal before this court, they were not so consolidated at trial. Further, while Keith was served with the complaints on the same date and brought to trial on the same date, his pleadings, while similar in nature if not identical, were not always filed on the same date. We will therefore address the state's assignment of error under each case separately.

### Case No. CA98–03–016

Keith was served with the complaints on October 22, 1997, but was not brought to trial until January 29, 1998. The complaints alleged that Keith had committed thirty zoning violations contrary to R.C. 519.23. R.C. 519.99(A) provides that "[w]hoever violates Sections 519.01 to 519.25, inclusive, of the Revised Code shall be fined not more than one hundred dollars for each offense." R.C. 2901.02(G) in turn provides that "[a]ny offense not specifically classified is a minor misdemeanor if the only penalty that may be imposed is a fine not exceeding one hundred dollars."

According to R.C. 2945.71(A),[1] the state had thirty days after Keith's arrest or the service of summons to bring him to trial. Thus, based upon simple mathematics, ninety-nine days elapsed between the service of summons and Keith's bench trial, sixty-nine days beyond the statutory thirty-day period.

The time requirement set forth in R.C. 2945.71 is, however, subject to the extensions provided in R.C. 2945.72, which states:

"The time within which an accused must be brought to trial * * * may be extended only by the following:

" * * *

---

1. R.C. 2945.71(A) provides that "[a]ny person * * * against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after his arrest or the service of summons."

"(D) Any period of delay occasioned by the neglect or improper act of the accused;

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

" * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

### Case No. CA98–03–016

■ Keith was served on October 22, 1997, and ordered to appear before the trial court on November 3, 1997, for arraignment. That day, the trial court issued a bench warrant for Keith's arrest. The bench warrant was, however, canceled five days later, on November 8, 1997. The state contends that "[t]he issuance of a bench warrant tolls the running of the speedy trial statute until the subsequent bond hearing" and cites this court's decision in *State v. Menz* (Dec. 27, 1994), Clermont App. No. CA94–05–034, unreported, 1994 WL 714509, in support of its contention. We find that the state's interpretation of *Menz* is overbroad and that as a result it does not support the state's argument.

In *Menz*, we held, quoting the Ohio Supreme Court's decision in *State v. Bauer* (1980), 61 Ohio St.2d 83, 85, 15 O.O.3d 122, 123, 399 N.E.2d 555, 556, that " '[a] *defendant who fails to appear at a scheduled trial, and whose trial must* therefore *be rescheduled* for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 * * *.' " (Emphasis added.) *Menz* at 12. Because Keith only failed to appear at his arraignment, we find that *Menz* does not apply in the case at bar. We however find that the five days between November 3 and November 8, 1997 are chargeable to Keith under R.C. 2945.72(D). See *State v. Mueller* (Apr. 22, 1985), Preble App. No. CA84–02–005, unreported, 1985 WL 8659.

■ On November 17, 1997, Keith filed a request for a bill of particulars, to which the state responded on November 26, 1997. We find that the speedy trial limit was tolled by Keith's request for a bill of particulars until the state responded to it. *State v. Prather* (July 10, 1995), Brown App. No. CA94–08–010, unreported, at 6, 1995 WL 399141.

■ On November 17, 1997, Keith also filed a "Legal notice of Revocation of Unauthorized Plea." This pleading, which specifically stated, "This *Notice is not to be construed* as a motion to the court or request for an order and as such, is self executing" (emphasis *sic* ), sought to revoke the not guilty plea allegedly entered on behalf of Keith by the trial judge. On November 21, 1997, Keith filed

a "Dilatory plea to quash * * * in the nature and style of a pre-plea motion to dismiss the * * * case due to the refusal of the Prosecuting Attorney to provide a Bill of Particulars * * * and lack of any bona fide complaint." Both pleadings were denied by the trial court on January 7, 1998.

Unlike the trial court, we find that the delay from November 17, 1997 to January 7, 1998 is chargeable to Keith pursuant to R.C. 2945.72(E). In granting Keith's motion to dismiss, the trial court stated that while Keith had filed various pleadings, he had never really filed a motion with the exception of the request for a bill of particulars. However, R.C. 2945.72(E) is not limited to motions filed by a defendant, but rather encompasses "proceeding, or action made or instituted by the accused." While Keith's "legal notice of revocation" and "dilatory plea" may not have risen to the level of formal motions, they did constitute actions by Keith that delayed his trial, in that both pleadings required a ruling by the trial court. *State v. Rowedda* (Sept. 18, 1992), Marion App. Nos. 9–92–14 and 9–92–15, unreported, at 7, 1992 WL 236876. See, also, *Univ. Hts. v. Dachman* (1984), 20 Ohio App.3d 26, 20 OBR 27, 484 N.E.2d 199.

On November 26, 1997, the trial court issued a bench warrant for Keith's arrest. Keith was subsequently arrested on December 9, 1997. While the foregoing delay is chargeable to Keith under R.C. 2945.72(D), we find that it is already included in the delay chargeable to Keith from November 17, 1997 to January 7, 1998. The case was subsequently set for plea or trial for December 12, 1997. However, by entry filed December 12, 1997, the trial court continued the case to January 7, 1998. It is unclear whether the continuance was granted *sua sponte* or at the request of either party. The entry fails to indicate which party requested the continuance or, if it was ordered by the trial court *sua sponte,* what the court's reasons were for ordering the continuance.

 It is well established that for purposes of R.C. 2945.72, (1) the granting of a continuance must be recorded by the trial court in its journal entry, (2) the journal entry must identify the party to whom the continuance is chargeable, and (3) if the trial court is acting *sua sponte,* the journal entry must so indicate and must set forth the reasons justifying the continuance. *State v. Geraldo* (1983), 13 Ohio App.3d 27, 31, 13 OBR 29, 33–34, 468 N.E.2d 328, 332–333. A continuance that does not satisfy these requirements must be counted against the state. *Id.*

Thus, pursuant to *Geraldo,* the period continued from December 12, 1997 to January 7, 1998 should be chargeable to the state. However, in *Geraldo,* unlike in the case at bar, there was no evidence that the granting of the continuance overlapped in time with motions filed by the defendant. In the case at bar, by contrast, Keith's "Legal notice of Revocation of Unauthorized Plea," which he filed on November 17, 1997, was pending when the case was continued on

December 12, 1997. As already noted, Keith's foregoing "pleading" was denied by the trial court on January 7, 1998.

In granting Keith's motion to dismiss on speedy trial grounds, the trial court unequivocally declined to charge the continuance to Keith on the ground that "the appropriate box where time is extended within which to bring defendant to trial or preliminary hearing was not marked, which indicates to me that Mr. Keith did not consent to a continuance of the case." Even if the period from December 12, 1997 to January 7, 1998 is not charged to the state, Keith was nevertheless not tried within the statutorily required thirty-day period. Given the procedural posture of this case, we therefore decline to decide whether the continuance is chargeable to the state or to Keith.

■ On December 12, 1997, Keith filed an affidavit and demand for a hearing or dismissal in which he challenged the trial court's jurisdiction and sought to dismiss the case for lack of a proper complaint. The trial court denied Keith's pleading on January 7, 1998. We find that the foregoing period from December 12, 1997 to January 7, 1998 is chargeable to Keith under R.C. 2945.72(E). We find, however, that the period from January 7 to January 29, 1998 is chargeable to the state.

Recapitulating on the basis of the record, the following periods are chargeable to Keith under R.C. 2945.72: the five days from November 3 to November 8, 1997; the entire period from November 17, 1997, when Keith filed his request for a bill of particulars and his legal notice of revocation to December 12, 1997, when the case was continued by the trial court, or a total of twenty-five days; and the period from December 12, 1997, when Keith filed his demand for a hearing or dismissal, to January 7, 1998, when the trial court denied Keith's demand, or a total of twenty-six days. The total number of days chargeable to Keith is therefore fifty-six.

The following periods are, however, chargeable to the state: the twelve days from October 22, 1997 to November 3, 1997; the nine days from November 8 to November 17, 1997; and the twenty-two days from January 7 to January 29, 1998. The total number of days chargeable to the state is therefore forty-three, meaning that Keith was tried on the forty-third day following service of summons or thirteen days after the statutorily required period.

We therefore find that Keith's statutory speedy trial rights were violated and that the trial court did not err in granting Keith's motion to dismiss under case No. CA98–03–016.

### Case No. CA98–03–017

■ Keith was served on October 22, 1997, and ordered to appear before the trial court on November 3, 1997, for arraignment. Keith was subsequently

ordered to appear before the trial court on November 10, 1997, again for arraignment. We find that while the period from October 22, 1997 to November 3, 1997 is chargeable to the state, the period from November 3 to November 10, 1997 is chargeable to Keith under R.C. 2945.72(D). *Mueller*, Preble App. No. CA84–02–005, unreported, at 4–5.

On November 17, 1997, Keith filed a request for a bill of particulars, to which the state responded on November 26, 1997. On November 17, 1997, Keith also filed his "Legal notice of Revocation of Unauthorized Plea," which the trial court denied on January 7, 1998. On December 3, 1997, the trial court issued a bench warrant for Keith's arrest. Keith was subsequently arrested on December 9, 1997. As under case No. CA98–03–016, by incomplete entry filed December 12, 1997, the trial court continued the case from December 12, 1997 to January 7, 1998.

On the basis of the record and adapting our analysis under case No. CA98–03–016 to the foregoing periods, we find that the following periods are chargeable to Keith under R.C. 2945.72: the seven days from November 3 to November 10, 1997, and the twenty-five days from November 17, 1997, when Keith filed his request for a bill of particulars, to December 12, 1997, when the case was continued by the trial court. The total number of days chargeable to Keith is therefore thirty-two.

The following periods are, however, chargeable to the state: the twelve days from October 22, 1997 to November 3, 1997; the seven days from November 10 to November 17, 1997; and the twenty-two days from January 7 to January 29, 1998. The total number of days chargeable to the state is therefore forty-one, meaning that Keith was tried on the forty-first day following service of summons or eleven days after the statutorily required period.

We therefore find that Keith's statutory speedy trial rights were violated and that the trial court did not err in granting Keith's motion to dismiss under case No. CA98–03–017.

### Case No. CA98–03–018

Keith was served on October 22, 1997 and ordered to appear before the trial court on November 3, 1997, for arraignment. That day, the trial court issued a bench warrant for Keith's arrest. The bench warrant was canceled five days later on November 8, 1997. On November 13, 1997, Keith filed a request for a bill of particulars, which the state responded to on November 26, 1997. On November 16, 1997, Keith filed a "Legal notice of Revocation of Unauthorized Plea," which the trial court denied on January 7, 1998. On November 17, 1997, Keith filed his "AFFIDAVIT of VERIFICATION for Special Demand for Specific Bill of Particulars." On November 26, 1997, the trial court issued a

bench warrant for Keith's arrest. Keith was subsequently arrested on December 9, 1997. As under the previous two cases, by incomplete entry filed December 12, 1997, the trial court continued the case from December 12, 1997 to January 7, 1998.

On the basis of the record and adapting our analysis under case No. CA98–03–016 to the foregoing periods, we find that the following periods are chargeable to Keith under R.C. 2945.72: the five days from November 3 to November 8, 1997, and the twenty-nine days from November 13, 1997, when Keith filed his request for a bill of particulars, to December 12, 1997, when the case was continued by the trial court. The total number of days chargeable to Keith is therefore thirty-four.

The following periods are, however, chargeable to the state: the twelve days from October 22, 1997 to November 3, 1997; the five days from November 8 to November 13, 1997; and the twenty-two days from January 7 to January 29, 1998. The total number of days chargeable to the state is therefore thirty-nine, meaning that Keith was tried on the thirty-ninth day following service of summons or nine days after the statutorily required period.

We therefore find that Keith's statutory speedy trial rights were violated and that the trial court did not err in granting Keith's motion to dismiss under case No. CA98–03–018. The state's sole assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.