OPINION
Defendant-appellant, Mark P. Benge, appeals his conviction in the Butler County Court of Common Pleas for receiving stolen property.
Appellant was arrested on June 9, 1998, for receiving stolen property, and he was held in jail until he posted bond on June 18, 1998. On July 15, 1998, he was indicted by the grand jury on one count of receiving stolen property in violation of R.C.2913.51(A), a fifth degree felony. Appellant was arraigned on July 27, 1998, and trial was set for September 25, 1998.
On September 3, 1998, appellant filed a demand for discovery and a request for a bill of particulars. The trial court rescheduled the trial, per motion of the state. Appellant did not object. The state filed its bill of particulars and provided discovery on December 12, 1998.
The trial was again continued at the state's request because a key witness was unavailable on the scheduled trial date. On December 21, 1998, the trial was rescheduled, without objection. That same day, appellant provided discovery to the state. On March 22, 1999, appellant filed a motion to dismiss for failure to provide a speedy trial. The trial court denied the motion.
A jury trial was held on April 7, 1999. At the close of the trial, the jury found appellant guilty of the charged offense. A sentencing hearing was held, and on May 19, 1999 the trial court filed its judgment entry sentencing appellant to serve five years of community control, with one hundred hours of community service, and to pay a $400 fine. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED WHEN IT ATTRIBUTED TO THE ACCUSED PER ORC SECTION 2945.72(E) THE TIME BETWEEN SEPTEMBER 3, 1998, WHEN THE ACCUSED FILED HIS DEMAND FOR DISCOVERY PURSUANT TO CRIMINAL RULE 16 AND DECEMBER 11, 1998, WHEN THE STATE FILED ITS ANSWER TO DEFENDANT'S REQUEST FOR DISCOVERY.
 In his assignment of error, appellant contends that the trial court erred by denying his motion to dismiss. He argues that the trial court should have counted the time between his motion for discovery and the state's response against the state. He asserts that when such time is counted against the state, he was denied a speedy trial within the mandates of R.C. 2945.71.[1]
It is well-established that when a defendant files a demand for discovery or a bill of particulars, the time between the filing of the demand and the state's providing discovery must be counted against the defendant. The time in which a defendant must receive a speedy trial pursuant to R.C. 2945.71(C) is tolled under R.C. 2945.72(E)[2] until the state responds in a reasonably timely fashion. State v. Keith (1998), 130 Ohio App.3d 456, 459;State v. Morrison (Jan. 11, 1999), Clinton App. No. CA98-04-009, unreported, at 3; State v. Prather (July 10, 1995), Brown App. No. CA94-08-010, unreported, at 5-6, discretionary appeal not allowed,74 Ohio St.3d 1458; State v. Gee (June 2, 1994), Cuyahoga App. No. 64411, unreported. In fact, in State v. Jones (Oct. 21, 1996), Warren App. No. CA95-12-122, unreported, at 12, appeal dismissed (1997), 78 Ohio St.3d 1438, this court found that the entire four and one-half months that the state took to respond to the defendant's discovery request was chargeable to the defendant. See, also, State v. Grinnell (1996), 112 Ohio App.3d 124, 134, jurisdictional motion overruled, 77 Ohio St.3d 1474, 1475 (three and one-half month delay).[3]
There is an exception when the defendant files a demand for discovery, the state does not timely provide such discovery, and the defendant must file a motion to compel discovery pursuant to Crim.R. 16(E)(3).[4] Once the trial court enters an order compelling discovery or granting a continuance, the resulting continuance is charged against the state, if the state's delay was "willful and prejudicial to the defense." State v. Wamsley
(1991), 71 Ohio App.3d 607, 611. Unless a defendant protects his right to discovery and a speedy trial by seeking to compel discovery, he may not later complain that a discovery delay deprived him of a speedy trial. If the defendant does not seek to compel discovery, he is acquiescing in the state's failure to comply.
Disregarding the fact that appellant's demand for discovery was not timely made pursuant to Crim.R. 16(F),[5] appellant cannot now complain that the time for discovery should have been counted against the state. Appellant never sought to compel discovery or to make the trial court aware of the state's delay in providing discovery. Had appellant not acquiesced in the state's delay, and instead had sought to compel discovery, the trial court could have considered whether the delay should be counted against the state. Wamsley, 71 Ohio App.3d at 611.
The trial court did not err in counting the time of discovery against appellant and dismissing his motion. The assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] R.C. 2945.71 provides:
A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
[2] R.C. 2945.72 provides:
 The time within which an accused must be brought to trial, or in the case of felony, to preliminary hearing and trial, may be extended only by the following:
* * *
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]
[3] Only one court, the Fifth Appellate District, has found otherwise. See State v. Curry (Sept. 22, 1999), Licking App. No. 99-CA-40, unreported, and State v. Cox (Apr. 1, 1987), Holmes App. No. CA-367, unreported. Curry cites Cox for the proposition that the time that it takes the state to respond to discovery may not be counted against the defendant, but Cox cites no authority in support of this proposition. In contrast, Gee analyzed this issue in light of the relevant statutes and case law. Importantly, the Third Appellate District, State v. Brownlow (1991), 75 Ohio App.3d 88, the Eighth Appellate District, State v. Booker (July 29, 1993), Cuyahoga App. No. 62841, unreported, discretionary appeal not allowed, 67 Ohio St.3d 1510, the Tenth Appellate District,Grinnell, 112 Ohio App.3d 124, and judges from the Second Appellate District sitting in this district by assignment, Statev. Staton (Dec. 22, 1997), Butler App. No. CA97-04-156, unreported, discretionary appeal not allowed (1998), 81 Ohio St.3d 1511, have all followed the holding of Gee. Gee remains the more persuasive case, and we see no reason to now reconsider this issue.
[4] Crim.R. 16(E)(3) provides:
 If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued under this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
[5] Crim.R. 16(F) provides that a demand for discovery be made by the defendant either twenty-one days after arraignment or seven days before trial, whichever is earlier. Appellant was arraigned on July 27, 1998, and his demand for discovery should have been filed by August 17, 1998. Appellant's demand for discovery was not made until September 3, 1998, approximately two and one-half weeks late.