OPINION
M. Paul Staton is appealing from the judgment of the Miami County Common Pleas Court, which convicted him of engaging in a pattern of corrupt activity and conspiracy to engage in a pattern of corrupt activity and sentenced him accordingly.
Staton and his co-defendant Stanley R. Scott (hereinafter referred to as "the co-defendants") were indicted on August 2, 1999 on one count of engaging in a pattern of corrupt activity, Case No. 99CR205(A) and (B). After the State and the co-defendants filed numerous motions, a majority of them regarding the co-defendants' allegations that the State had filed an inadequate bill of particulars, the State voluntarily dismissed the co-defendants' indictments on February 29, 2000.
On July 9, 2000, the co-defendants were reindicted on the charge of engaging in a pattern of corrupt activity, and an additional charge of conspiracy to engage in a pattern of corrupt activity was added, Case No. 00CR189(A) and (B). The matter was set for trial on September 12, 2000. Staton filed a motion for a bill of particulars on July 17, 2000, which the trial court granted.
On September 8, 2000, the co-defendants filed a motion to dismiss, asserting that the State's bill of particulars, provided to them on September 7, 2000, was the same bill of particulars that the trial court had found to be insufficient under the first indictment. A hearing on the motion was held on September 11, 2000. At the hearing, it was determined that the State had failed to abide by the trial court's order to provide the co-defendants with a bill of particulars containing specific times and dates, and the trial court ordered the State to file an amended bill of particulars. At the conclusion of the hearing, the co-defendants made a motion to continue the trial because they were not "prepared" to go forward with the trial due to the inadequacy of the bill of particulars. The trial court noted that "voluminous" discovery had been provided to the co-defendants and that the time would be tolled because they had had plenty of materials from which to prepare their defense. The trial court continued the trial until January 9, 2001, the first date available to defense counsels.
On January 4, 2001, the co-defendants filed a motion to dismiss based upon speedy trial violations. The co-defendants argued that a minimum of three hundred ninety-four countable days had passed since the original indictment; thus the case should be dismissed as violating their speedy trial rights. The co-defendants asserted that time should not have been tolled during the time that the trial court had to rule on the co-defendants' motions for a bill of particulars and motions to dismiss. On January 8, 2001, the co-defendants filed an additional motion to dismiss the second indictment, based upon the State's filing of an inadequate amended bill of particulars. That same day, the trial court overruled the motions to dismiss and found that the amended bill of particulars, filed on October 10, 2000, had complied with the trial court's order.
The co-defendants entered no contest pleas to both charges on January 9, 2001. They were found guilty by the trial court on January 25, 2001, and each co-defendant was sentenced to three years on the engaging in a pattern of corrupt activity charge and two years on the conspiracy charge, with the sentences to be served concurrently.
Staton now appeals his conviction and sentences, asserting one assignment of error.
 I. The trial court prejudicially erred when it failed to grant this Appellant's sixth motion to dismiss for failure of the State over a period of time in excess of 598 days to provide this Appellant and his co-defendant with a bill of particulars to which they were entitled as a matter of right to this Appellant's actual prejudice on an indictment with allegations spanning a period of almost twenty-five (25) years, thereby preventing this Appellant from obtaining a speedy trial in conformity with his rights under the United States Constitution, the Constitution of the State of Ohio and the statutory structure of the State of Ohio and due process of law since all the delays that occurred in this case were caused by the intentional misfeasance of the State of Ohio.
Staton argues that the State failed to provide him with a speedy trial as guaranteed by the United States Constitution, the Constitution of the State of Ohio, and the Ohio speedy trial statutes.
The standard for reviewing claims of speedy trial violations is "whether the trial court's ruling is supported by the evidence or whether the court abused its discretion by making a finding manifestly against the weight of the evidence." State v. Stickney (Dec. 12, 1994), Montgomery App. No. 14232, unreported, citing State v. Packard (1988),52 Ohio App.3d 99, paragraph 3 of the syllabus. "An abuse of discretion means more than an error of law or judgment, but instead it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Stickney, supra, citing Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87. An abuse of discretion occurs when "the result must be so palpably and grossly violative of fact and logic that it evinces not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Stickney, supra (citations omitted).
Under R.C. 2945.71(C)(2), a defendant against whom a felony charge is pending shall be brought to trial within two hundred seventy days after the defendant's arrest. If the defendant is held in jail in lieu of bail on the pending charge, each day shall be counted as three days. R.C.2945.71(E). R.C. 2945.72(E) provides that this time may be extended by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]" Generally, when a defendant files a demand for discovery or a bill of particulars, the time between the filing of the demand and the State's providing discovery must be counted against the defendant. Statev. Benge (Apr. 24, 2000), Butler App. No. CA99-05-095, unreported, citingState v. Keith (1998), 130 Ohio App.3d 456, 459, and State v. Prather
(July 10, 1995), Brown App. No. CA94-08-010, unreported; see, also, Statev. Grinnell (1996), 112 Ohio App.3d 124, 134; State v. Heyward (May 18, 1998), Pickaway App. No. 96CA42, unreported. The time in which a defendant must receive a speedy trial pursuant to R.C. 2945.71(C) is tolled under R.C. 2945.72(E) until the State responds in a reasonably timely fashion. Benge, supra. Moreover, the speedy trial analysis must be strictly construed in favor of the defendant. State v. Pachay (1980),64 Ohio St.2d 218, 18 O.O.3d 427.
We note that Staton's argument ignores that the only portion of the record before us from prior Case No. 99CR205 is several transcripts from hearings before the trial court on various motions. The record before us does not contain any of Staton's motions filed under Case No. 99CR205 or any of the trial court's decisions. Therefore, we will rely on the information as contained in the transcripts from the first indictment and in the record before us from the second indictment.
In this case, Staton was indicted in Case No. 99CR205(B) on August 2, 1999 and arrested on August 4, 1999. He was released that day and was thus entitled to three days of the allowed time for the day he was incarcerated. Time began running at a rate of one-for-one, for twenty-nine days, until Staton's first motion to dismiss and motion for a bill of particulars was filed on September 2, 1999. The trial court denied the motion to dismiss on September 23, 1999. Based upon the previously-mentioned caselaw, we find no abuse of discretion in the trial court's decision finding that the filing of Staton's first motion to dismiss and first motion for a bill of particulars tolled the time between September 2 and September 23.
Time again began to run at a rate of one-for-one, for fourteen days, until October 7, 1999, when Staton filed a motion for production of discovery, a motion to suppress, and a motion to require the State to notify Staton of its intention to use evidence. Shortly thereafter, Scott filed several other motions. On October 12, 1999, Staton filed a motion to suppress, a motion to compel, and a motion to join Scott in all pending motions, including several motions to suppress and a motion to dismiss. A hearing was held on the motions to compel, dismiss, suppress and for a bill of particulars on November 12, 1999, during which extensive testimony was presented to the trial court on many issues. At the conclusion of the hearing, it was determined that more time was needed in which to present testimony on the motion to suppress and to give time to the State to file a bill of particulars. A second hearing was held on December 20, 1999.
According to the trial court's January 8, 2001 decision on the motion to dismiss for speedy trial issues, the last of the motions were decided on February 18, 2000. This included decisions on multiple motions to suppress and dismiss, motions to disqualify, and a motion for a change in venue. We cannot determine whether this time was "reasonable" or not under the statute, as we have no record before us. However, given the volume of decisions which the trial court had to make, we will presume regularity in the proceedings and defer to the trial court's decision that the time was reasonable and should have been tolled for speedy trial purposes pursuant to R.C. 2945.72(E). At this point, the State had expended forty-six days of the allotted time.
Time again began to run from February 18, 2000 to February 25, 2000, when Staton filed his fourth motion to dismiss. The State dismissed the case on February 29, 2000, prior to the trial court's ruling on the motion. Staton argues that time should not have been tolled upon the filing of this motion because had the State filed a bill of particulars per the trial court's order, the motion to dismiss would not have been filed. If we construe the statute in favor of Staton, we agree that the trial court did abuse its discretion in tolling the time, as it was due to the State's failure to abide by the trial court's order that Staton had to re-file his motion to dismiss and motion for a bill of particulars. Accordingly, the trial court should have charged the full eleven days between February 18 through the dismissal on February 29 to the State. At this point, the total time expended was fifty-seven days.
The State reindicted Staton on July 11, 2000. The speedy trial statute was tolled during the time Staton was not under indictment, as there was no evidence that Staton was held in jail or released on bail. State v.Broughton (1991), 62 Ohio St.3d 253, paragraph one of the syllabus. We will, however, tack on any time that lapsed under the original indictment to the time period commencing with the second indictment. See St. v.Bonarrigo (1980), 62 Ohio St.2d 7, 11. ("[W]here a prosecutor obtains a felony indictment, based upon the same conduct as previously nollied, lesser included misdemeanor charge, the time within which the accused shall be brought to trial pursuant to Revised Code 2945.71 et seq., consists of whatever residue remains from the 270-day period set forth in Revised Code 2945.71(C) after deducting the speedy trial time expended prior to the Nolle Prosequi time").
Staton filed a motion for a bill of particulars on July 17, 2000. The trial court granted the motion on August 29, 2000, giving the State a deadline of September 5, 2000. Staton reiterates his argument that, as the motion for a bill of particulars was necessitated because the State's bill of particulars was inadequate, the time it took to decide that motion should not be counted against him. Again, construing the speedy trial statute strictly in favor of Staton, the motion was filed as a result of the State's inadequate bill of particulars, and we find that the time should not have been charged against Staton.
Staton filed his fifth motion to dismiss on September 8, 2000. A hearing was held on September 11, the day before the trial was set to commence. The trial court determined that the State had violated the trial court's order to provide Staton with a more specific bill of particulars. Upon this finding, Staton requested a continuance of the trial, which was set to begin the next day, on the grounds that the indictment and bill of particulars provided to him were not specific enough for him to defend his case. The trial court granted the continuance and rescheduled the trial for January 9, 2001, the next available trial date for the co-defendants' attorneys. The trial court found, however, that, because the State had provided "voluminous" discovery to Staton, Staton should have been prepared for trial. The trial court therefore decided that the time between the request for a continuance and the January 9, 2001 trial date would be tolled.
Staton asserts that the trial court abused its discretion in tolling the time resulting from the continuance. He argues that the inadequate bill of particulars prevented him from adequately preparing for trial. In general, a defendant's request for a continuance tolls the speedy trial statute. State v. Davis (1976), 46 Ohio St.2d 444, 448, 75 O.O.2d 498, 500-501; see, also, State v. Parker (May 24, 1990), Franklin App. No. 89AP-1217, unreported (concluding that defense counsel should be given the latitude to bind a defendant to his attorney's request for a continuance and rejecting the defendant's argument that the speedy trial statute was not tolled by his attorney's requested continuance because he had not consented to the continuance). We find no abuse of discretion in the trial court's decision to toll this time based upon the Ohio Supreme Court's decision in State v. Lawrinson (1990), 49 Ohio St.3d 238. The supreme court held that the purpose of a bill of particulars is not to provide the accused with "specifications of evidence or to serve as a substitute for discovery" but rather "to elucidate or particularize the conduct of the accused." Id. at 239, citing State v. Sellards (1985),17 Ohio St.3d 169. We agree with the trial court that Staton should have been prepared for trial on September 12, 2000, as full discovery had been provided to him. For these reasons, the time between September 11, 2000 and January 9, 2001 was properly tolled.
Consequently, for speedy trial purposes, we find that the time ran for an additional sixty-two days from July 11, 2000 until the request for a continuance on September 11, 2000; however it was tolled from September 11, 2000 until the date of the trial on January 9, 2001. At this point, the State had expended one hundred and nineteen days.
The State finally complied with the trial court's order and provided Staton with an amended bill of particulars containing the required specifications on October 10, 2000. On January 4, 2001, Staton filed a motion to dismiss based upon the speedy trial violations, which the trial court overruled at the hearing on January 8, 2001. Staton asserts that this time should not have been tolled, because he had to file the motions as a result of the State failing to follow the trial court's orders. However, since the time was already being properly tolled resulting from the continuance, this issue is moot. Staton pled no contest on January 9, 2001 and was found guilty of the charges on January 25, 2001.
We find that the total amount of time that passed under the speedy trial statute was one hundred and thirty-five days. Based upon the above discussion, we find that the trial court did abuse its discretion in tolling the time between February 18, 2000 through February 29, 2000 and the time between August 15, 2000 through September 11, 2000. However, we find this error to be harmless. We affirm the trial court's decision to deny Staton's motion to dismiss based upon the speedy trial violations, though for slightly different reasons.
Staton's assignment of error is overruled.
Judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.