OPINION
Defendant-appellant, Brady S. Bosman, appeals a sentence imposed by the Butler County Court of Common Pleas. For the reasons that follow, we affirm the trial court's judgment.
Appellant was indicted on one count of grand theft of a motor vehicle, a fourth-degree felony, two counts of breaking and entering, one count each of possession of criminal tools and attempted breaking and entering, all fifth-degree felonies, and two charges of petty theft, a first-degree misdemeanor. As part of a plea agreement, appellant entered guilty pleas to the two counts of breaking and entering and a misdemeanor count of attempted breaking and entering. All remaining counts of the indictment were merged into the two counts of breaking and entering.
Following a presentence investigation, the trial court sentenced appellant to consecutive eleven-month terms of imprisonment on the breaking and entering counts and a concurrent six-month term on the charge of attempted breaking and entering.
In his first assignment of error, appellant claims the trial court erred by sentencing him to a term of imprisonment rather than imposing a community control sanction. Appellant submits that his sentence of imprisonment violates the prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution.
In support of his position, appellant notes that the results of his presentence forensic evaluation recommend treatment for mental health and substance abuse problems in the Butler County Substance Abuse — Mental Illness ("SAMI") Program in lieu of incarceration. Appellant suggests that the trial court's refusal to acknowledge his "basic human need" for such treatment within a community control environment constitutes "deliberate indifference" and violates the constitutional prohibition against cruel and unusual punishment.
Although the trial court stated prior to sentencing that it would consider the imposition of community control sanctions should appellant qualify for acceptance in the SAMI program, the court clearly indicated that it would not guarantee the imposition of any sentence commensurate with appellant's enrollment in the SAMI program. Although the individual who conducted the forensic evaluation of appellant recommended treatment in the SAMI program, he admitted that prison would likewise provide the type of "structured setting" needed for treatment of appellant's condition. Before imposing sentence, the trial court noted that appellant had been described as manipulative, demanding, difficult to work with, irritable, and condescending.
Generally, a sentence within statutory limitations is not excessive and does not violate the constitutional prohibition against cruel and unusual punishment. State v. Fields (Nov. 29, 1993), Clermont App. No. CA93-04-025, unreported. See, also, State v. Juliano (1970),24 Ohio St.2d 117, 120; Broadview Hgts. v. Baron (2000),139 Ohio App.3d 729, appeal dismissed (2001), 91 Ohio St.3d 1415, certiorari denied (2001), ___ U.S. ___, 121 S.Ct. 2244; and State v.Brownlow (1991), 75 Ohio App.3d 88. Cruel and unusual punishments are those that are so disproportionate to the offense as to shock the moral sense of the community. Baron at 748.
Appellant's sentence was within the permitted statutory range, was neither excessive nor contrary to law, and did not amount to cruel and unusual punishment. Nor was it so disproportionate to the offense as to shock the moral sense of the community. Accordingly, the first assignment of error is overruled.
Appellant's second assignment of error claims the trial court improperly imposed consecutive eleven-month sentences on the two fifth-degree felony counts of breaking and entering.
In order to impose consecutive sentences, a trial court must first determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." State v.Nyberg (June 21, 1999), Fayette App. No. CA98-11-018, unreported, citing R.C. 2929.14(E)(4). The court must also find either that the offender committed the multiple offenses while awaiting trial or sentencing, that the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of the offender's conduct, or that the offender's history of criminal conduct demonstrates that consecutive sentences would be necessary to protect the public from future crime by the offender. Id., citing R.C.2929.14(E)(4)(a)-(c).
The court first noted that consecutive sentences were necessary to protect the public from future crime and to punish appellant. The court also observed that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he posed to the public. Such findings satisfied the initial requirements of R.C.2929.14(E)(4). The court then went on to state that "we also find that his history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crimes by [appellant]."[1]
This comment, made separate from and in addition to the previous findings, satisfies the specific requirement of R.C. 2929.14(E)(4)(c).
We therefore conclude that the trial court made the necessary statutory findings for the imposition of consecutive sentences. Appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.
[1] According to the record, appellant had been imprisoned in Arizona, was wanted on outstanding warrants from Tennessee, and had additional charges pending in Butler County.