OPINION
{¶ 1} Defendant-appellant, Richard Dunston, appeals his convictions in the Fayette County Court of Common Pleas for aggravated burglary and felonious assault (second-degree felonies) in violation of R.C. 2911.11(A)(1) and 2903.11(A)(2), respectively.
 {¶ 2} Appellant was arrested and incarcerated on the foregoing charges on November 3, 2000 (and not, as the state asserts, on November 13, 2000). Appellant was released on bond on November 6, 2000. On September 20, 2001, appellant filed a motion to dismiss the charges for denial of a speedy trial. A hearing on the motion was held on November 30, 2001. That same day, following the trial court's denial, from the bench, of appellant's motion to dismiss, appellant pled no contest to, and was found guilty of both charges.[1] By judgment entry filed February 28, 2001, the trial court convicted appellant of aggravated burglary and felonious assault and sentenced him accordingly. Appellant now appeals and raises as his sole assignment of error that the trial court erred by overruling his motion to dismiss. We disagree.
 {¶ 3} Appellant was arrested on November 3, 2000, but was not brought to trial until November 30, 2001. According to R.C. 2945.71(C)(2), the state had 270 days after appellant's arrest to bring him to trial. Time starts to run from the date of the arrest; however, the day of the arrest itself is not counted when computing the statutory time period. See State v. Stewart (Sept. 21, 1998), Warren App. No. CA98-03-021. Thus, not counting the day of the arrest, and based upon simple mathematics, 391 days elapsed between appellant's arrest and his no contest plea, 121 days beyond the statutory 270-day period.
 {¶ 4} The time requirements set forth in R.C. 2945.71 are, however, subject to the extensions provided in R.C. 2945.72, which states in relevant part:
 {¶ 5} "The time within which an accused must be brought to trial * * * may be extended only by the following:
 {¶ 6} "* * *
 {¶ 7} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 8} "(E) Any period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused;
 {¶ 9} "* * *
 {¶ 10} "(H) The period of any continuance granted on the accused's motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"
 {¶ 11} After his arrest on November 3, 2000, appellant was incarcerated until he was released on bond on November 6, 2000. Pursuant to R.C. 2945.71(E), each day in jail in lieu of bail counts as three days in appellant's favor. On November 13, 2000, appellant filed a request for discovery to which the state responded on November 17, 2000.[2]
Discovery motions filed by a defendant toll the speedy trial time until the state responds to them. Stewart, Warren App. No. CA98-03-021, at 3-4. Thus, the speedy trial limit was tolled by appellant's request for discovery until the state responded to it.
 {¶ 12} On November 17, 2000, the state filed a request for discovery. Appellant failed to respond. On January 30, 2001, the state filed a demand for discovery. Appellant responded to the state's discovery motion on February 21, 2001. We find that part of the delay in this case was due to appellant's failure to provide a timely answer to the state's discovery request. "A defendant's untimely compliance with the state's discovery request is chargeable to the defendant under R.C.2945.72(D), which extends the time for trial for any period of delay occasioned by the neglect or improper act of the defendant." Stewart at 4 (emphasis added); see, also, State v. Litteral (Jan. 4, 1999), Fayette App. No. CA98-02-002. That is not to say that any period between the state's discovery request and a defendant's compliance with the request is, or should be automatically chargeable to the defendant under R.C.2945.72(D). However, under the circumstances of this case, in light of the fact that it took appellant more than three months to respond to the state's simple discovery motion, we find that the period from November 17, 2000 to February 21, 2001, or 96 days, is properly chargeable to appellant.
 {¶ 13} On September 20, 2001, appellant filed a motion to dismiss on speedy trial grounds. The trial court overruled appellant's motion by entry filed December 21, 2001, three weeks after appellant pled no contest on November 30, 2001. It is well-established that the speedy trial time is tolled upon the filing of a motion to dismiss for violation of speedy trial rights until the motion is ruled upon. State v. Martin
(1978), 56 Ohio St.2d 289, 297. However, in light of the fact that appellant pled no contest and was found guilty on November 30, 2001, we find that the period from September 20, 2001 to November 30, 2001 (and not the period from September 20 to December 21, 2001) is chargeable to appellant.
 {¶ 14} The record indicates, however, that on October 2, 2001, the state filed a motion for continuance for the purpose of responding to appellant's motion to dismiss. By entry filed the next day, the trial court granted the state's motion and rescheduled the trial for December 11, 2001. It is well-established that for purposes of R.C. 2945.72, (1) the granting of a continuance must be recorded by the trial court in its journal entry, (2) the journal must identify the party to whom thecontinuance is chargeable, and (3) if the trial court is acting sua sponte, the journal entry must so indicate and must set forth the reasons justifying the continuance. State v. Keith (1998), 130 Ohio App.3d 456,460, citing State v. Geraldo (1983), 13 Ohio App.3d 27. A continuance that does not satisfy these requirements must be counted against the state. Keith at 460.
 {¶ 15} The trial court's entry granting the state's motion for continuance fails to identify the party to whom the continuance is chargeable. Thus, pursuant to Keith and Geraldo, the period from October 2, 2001 to November 30, 2001 should be chargeable to the state. However, appellant's motion to dismiss was already pending when the case was continued on October 3, 2001. At the time appellant filed his motion to dismiss, the case was scheduled for trial for October 3, 2001. The state filed its motion for continuance solely for the purpose of responding to appellant's motion to dismiss. Had the trial proceeded as scheduled on October 3, 2001, appellant would have been tried on the 240th day after his arrest, well within the statutory time limit.
 {¶ 16} We therefore find that the period from September 20, 2001 to November 30, 2001, or 71 days, is chargeable to appellant. But for appellant's motion to dismiss, the trial would likely have proceeded, as scheduled, on October 3, 2001. By the same token, following appellant's motion to dismiss, appellant's trial could not have been held as long as the issue of the violation of his speedy trial rights remained unresolved.
 {¶ 17} Recapitulating, on the basis of the record, the following periods are chargeable to appellant under R.C. 2945.72: The four days from November 13 to November 17, 2000; the 96 days from November 17, 2000 to February 21, 2001; and the 71 days from September 20, 2001 to November 30, 2001. The total number of days chargeable to appellant is therefore 171.
 {¶ 18} The following periods are, however, chargeable to the state: The three days from November 3 to November 6, 2000 when appellant was in jail, which under R.C. 2945.71(E), count as a total of nine days; the seven days from November 6 to November 13, 2000; and the 211 days from February 21, 2001 to September 20, 2001. The total number of days chargeable to the state is therefore 227, meaning that appellant was tried on the 227th day after his arrest, well within the 270 days allotted under R.C. 2945.71(C)(2).
 {¶ 19} We therefore find that appellant's statutory speedy trial rights were not violated and that the trial court properly overruled appellant's motion to dismiss. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and BROGAN, JJ., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
[1] Appellant's motion to dismiss was subsequently overruled by entry filed December 21, 2001.
[2] On November 13, 2000, appellant also filed a request for a bill of particulars to which the state responded on November 17, 2000. It is axiomatic that motions filed by a defendant and overlapping in time, such as appellant's request for discovery and his request for a bill of particulars, will not be individually charged to the defendant under R.C.2945.72. Stewart, Warren App. No. CA98-03-021, at 5, fn. 2.