THE STATE OF OHIO, APPELLANT, *v.* GERALDO ET AL., APPELLEES.

(No. L-83-168—Decided October 14, 1983.)

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. James D. Bates,* for appellant.

*Mr. Thomas J. Tucker, Mr. Robert Z. Kaplan* and *Mr. Richard W. Walinski,* for appellee Samuel Geraldo.

*Mr. Max E. Rayle,* for appellee Glen Burden.

*Mr. Thomas G. Douglas,* for appellee Richard C. Lawrence.

*Mr. Louis DiSalle, Mr. Martin Bischoff, Mr. Jake Roberts* and *Mr. Clyde Fredericks, pro se.*

HANDWORK, J. This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.

On April 22, 1983, the trial court granted defendants-appellees' motion to dismiss the indictments herein for failure to bring appellees to trial within the time period set forth in Ohio's speedy trial statute, R.C. 2945.71 et seq. From said judgment granting appellees' motions to dismiss, appellant state of Ohio has timely brought this appeal. The state advances a single assignment of error, which is as follows:

"The trial court should not have granted the motions to dismiss.

"A. Ohio Revised Code Sections 2945.71 and .73 are unconstitutional.

"B. The time for which the defendant-appellees must be brought to trial was tolled pursuant to Ohio Revised Code § 2945.72."

This assignment of error is devoid of merit.

First, the constitutionality of R.C. 2945.71 et seq. is not properly before us. Since the prosecution neither raised nor argued this issue in the trial court, it may not do so here. The scope of our review is appropriately circumscribed by the rudimentary appellate doctrine that issues (constitutional or otherwise) which are neither raised in nor reached by the lower court will not be passed upon by this court. See In re Dismissal of Mitchell (1979), 60 Ohio St. 2d 85, 90 [14 O.O.3d 307]; Moats v. Metropolitan Bank of Lima (1974), 40 Ohio St. 2d 47, 49-50 [69 O.O.2d 323]; cf., also, AMF, Inc. v. Mravec (1981), 2 Ohio App. 3d 29, 32 ("A party may not assert a new legal theory for the first time before the appellate court.").

Second, challenges to the speedy trial statute's constitutionality would carry little plausibility, since the Ohio Supreme Court has, in fact, quite authoritatively determined that issue. See State v. Pachay (1980), 64 Ohio St. 2d 218 [18 O.O.3d 427]. In rejecting the constitutional challenge, the Pachay court held:

"The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony * * * and shall be strictly enforced by the courts of this state." (Emphasis added.)

See, also, United States v. Brainer (C.A. 4, 1982), 691 F. 2d 691.

In disposing of the prosecution's second argument, we begin by observing that the extensions of time ("tolling") permitted by R.C. 2945.72 are to be strictly construed against the state. State v. Singer (1977), 50 Ohio St. 2d 103, 109 [4 O.O.3d 237. In addition, the prosecution and the trial courts have a mandatory duty to comply with R.C. 2945.71 through 2945.73. State v. Reeser (1980), 63 Ohio St. 2d 189, 191 [17 O.O.3d 117]; State v. Pudlock (1975), 44 Ohio St. 2d 104 [73 O.O.2d 357]; see, also, most recently, State v. Pickens (July 1, 1983), Erie App. No. E-83-4, unreported. Furthermore, once appellees demonstrate that two hundred seventy days have expired, see R.C. 2945.71(C)(2), they have established a prima facie case for discharge under R.C. 2945.73(B). The state then bears the burden of proving that actions or events chargeable to the defendants, under the various subsections of R.C. 2945.72, extended or tolled enough time to leave less than two hundred seventy days remaining when their motions to dismiss were filed. See State v. Coatoam (1975), 45 Ohio App. 2d 183, 186 [74 O.O.2d 229]; cf. State v. Pickens, supra, at 4 ("It is * * * incumbent on the prosecution to show that it made good faith, reasonable efforts to bring appellant to trial during the period he was in federal custody. Yet, the record reveals nothing whatsoever in this respect. [See 2945.72(A)].").

With these preliminary considerations in mind, we now turn to the pertinent procedural facets and dates involved in these cases, beginning with appellee

Geraldo's case. Since his case was the only one appealed by the state to this court from the trial court's suppression order of October 18, 1979, and the only one apparently involved in subsequent appeals to higher courts, the computations of time under R.C. 2945.71 and 2945.72 will differ somewhat from the remaining appellees in this appeal.

From November 17, 1978, the date of Geraldo's arrest, until April 22, 1983, the date on which the trial court granted the motions to dismiss in these cases, some 1,617 days elapsed without the commencement of a trial. To be sure, a significant portion of this time was extended or tolled under R.C. 2945.72, either because appeals were taken by the parties or because defense motions were legitimately pending before the trial court. However, in reviewing the record in Geraldo's case, we find that the number of days actually chargeable to the state far exceeds the maximum limitation of two hundred seventy days set forth in R.C. 2945.71(C)(2).

The most obvious time period with which to begin our computation is the period following the Ohio Supreme Court's remand of *State* v. *Geraldo* (1981), 68 Ohio St. 2d 120 [22 O.O.3d 366], on January 12, 1982, the date on which the Supreme Court's mandate was filed in the trial court. Between January 12, 1982, and December 14, 1982, the date on which the trial court granted a continuance, nothing whatsoever appears to have happened in the case; it just lay dormant for three hundred thirty-six days.

Geraldo did, of course, attempt to pursue further appellate review. On March 12, 1982, his counsel filed a petition for certiorari in the United States Supreme Court. The same was subsequently denied on May 3, 1982. The period between the filing of the certiorari petition and its denial was fifty-two days. Even discounting these fifty-two days from the period of time following the Ohio Supreme Court's remand to the trial court, two hundred eighty-four days passed before any further action was taken. Nothing whatsoever appears in the record that would conceivably toll this time under R.C. 2945.72.[1]

In any event, the fifty-two days *should* be included in the total figure to be counted against the state for this period. As appellee correctly observes, since a petition for certiorari is addressed to the United States Supreme Court's *discretionary* jurisdiction to review the case, the mere filing of the petition does not divest the trial court of jurisdiction nor does it stay or suspend the court's power to proceed with the case.[2] Cf. Rule 19(1), Rules of the Supreme Court of the United States. Consequently, the full three hundred thirty-six days are chargeable to the state and, as is obvious, the time-limitation provision of R.C. 2945.71(C)(2) was violated. Geraldo's motion to dismiss was properly granted and he was properly discharged pursuant to R.C. 2945.73(B).

Beyond these three hundred thirty-six days, there are at least two hundred eighty-two additional days, by our calculation, that must be counted against the state for various reasons. The computations are as follows:

---

[1] We quite agree with the pithy summation of counsel for appellee Geraldo that:

"The plain fact is that the state simply let this case sit on the trial court docket for nearly a year after the remand by the Ohio Supreme Court without ever requesting a pretrial conference, let alone a trial date."

[2] We also conclude, for similar reasons, that appellee Geraldo's filing of a petition for habeas corpus in federal district court did not stay or suspend the running of time under R.C. 2945.71(C)(2).

| DATES | EXPLANATION | COMPUTATION OF DAYS CHARGEABLE TO STATE |
|---|---|---|
| Nov. 17, 1978 to Nov. 29, 1978 | Date of arrest to date of arraignment | 12 days |
| Dec. 27, 1978 to Jan. 17, 1979 | Dates encompassing continuance by prosecution and unspecified continuance | 21 days |
| April 12, 1979 to April 23, 1979 | Time running; no defense motions pending | 11 days |
| Oct. 18, 1979 to Oct. 25, 1979 | Date trial court granted defendant's motion to suppress to date prosecution filed its notice of appeal | 7 days |
| Oct. 3, 1980 to Oct. 29, 1980 | Date of remand from Sixth District Court of Appeals to date of entry of unspecified continuance | 26 days |
| Oct. 29, 1980 to Nov. 26, 1980 | Time running; further unspecified continuance ordered | 28 days |
| Nov. 26, 1980 to (Jan. 14, 1981) to Feb. 5, 1981 | Dates encompassing two further unspecified continuances to date Ohio Supreme Court granted defendant's motion for leave to appeal | 71 days |
| Dec. 14, 1982 to (Jan. 6, 1983) to March 22, 1983 | Dates encompassing unspecified continuance to date prosecution requests trial court to schedule trial date | 98 days |
| March 22, 1983 to March 30, 1983 | Date of prosecution's request for trial date to date defendant filed his motion to dismiss | 8 days |
| | Total number of days chargeable to state | 282 days |

Again, this aggregate figure of two hundred eighty-two days is *in addition to* the three hundred thirty-six days chargeable to the state after the case was remanded to the trial court from the Ohio Supreme Court on January 12, 1982. Thus, the "grand total" chargeable to the state is six hundred eighteen days.

We also observe that in certain instances the record is devoid of any explanation for the passing of a given number of days. Other segments of time which must be counted against the state pertain to continuances that were granted, perhaps *sua sponte* or at a party's request, but in neither event does the record reflect which party requested the continuance or, if ordered by the trial court *sua sponte*, what the court's reasons were for ordering the continuance. For purposes of R.C. 2945.72, the unequivocal and repeated holding of the Ohio Supreme

Court (and of this court) has been: (1) that the granting of a continuance *must* be recorded by the trial court in its journal entry; (2) that the journal entry *must* identify the party to whom the continuance is chargeable; and (3) that if the trial court is acting *sua sponte,* the journal entry *must* so indicate and *must* set forth the reasons justifying the continuance. See, *e.g., State* v. *Mincy* (1983), 2 Ohio St. 3d 6, 8; *State* v. *Siler* (1979), 57 Ohio St. 2d 1, 3 [11 O.O.3d 1]; *State* v. *Lee* (1976), 48 Ohio St. 2d 208, 209 [2 O.O.3d 392]; *State* v. *Broerman* (Feb. 18, 1983), Lucas App. No. L-82-284, unreported. (In the chart above, continuances which fail to satisfy the foregoing criteria are referred to as "unspecified" continuances.) Periods of time otherwise tolled by a defense continuance must be counted against the state, if not so recorded as indicated above. See *State* v. *Pickens, supra,* at 3.

The prosecution advances the argument that "actions of defense counsel" extended the time within which to bring appellees to trial, and that this time is entirely chargeable to them. We must reject this argument as we did in *State* v. *Broerman, supra.* Vague references to "conversations" between the court, prosecutor and defense counsel, to unrecorded "understandings," or to possible representations (and misrepresentations) to the trial court — none of which affirmatively appears in the record in the court's journal entries — are so greatly deficient on appeal as an excuse for the elapse of six hundred eighteen days (conservatively estimated) or as a justification for a groping, after-the-fact search of R.C. 2945.72 for possible tolling applications, that fur-

ther comment is unnecessary.[3] Suffice it to say that the prosecution's lackluster efforts to press forward with these cases, in addition to less than precise docket entries regarding continuances, largely account for the aggregate time period during which each case remained idle.

As only one example among many, when this court reversed the trial court's suppression order and remanded the case on October 3, 1980, twenty-six days elapsed before any further action was taken. Then, on October 29, 1980, an unspecified continuance was granted by the trial court. Since the court's journal entry does not indicate whether the prosecution or the defense requested it, or whether the court ordered it *sua sponte,* the time which elapsed during this continuance is chargeable to the state. In *State* v. *Mincy, supra,* the Ohio Supreme Court made this point clear beyond dispute:

"* * *

"Since a court may only speak through its journal, it is necessary that such an entry be spread upon its journal prior to the expiration of the statutory time limit. * * *

"We therefore hold that, when *sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." *Id.* at 8-9. (Citations omitted.) See, also, *State* v. *Siler, supra*; *State* v. *Pickens, supra.*

Between October 29, 1980 and November 26, 1980, another twenty-eight days passed. This time is also chargeable

---

[3] Cf. *State* v. *Mincy* (1983), 2 Ohio St. 3d 6, at 8:

"* * * This court has previously condemned after-the-fact extension[s] * * * [.] The General Assembly has placed a burden upon the prosecution and the courts to try criminal defendants within a specific time after arrest. If we were to follow the state's reasoning, the

only burden upon the prosecution and the courts would be to assure that a trial is scheduled within the appropriate time limit as long as it could subsequently be explained why the defendant was not brought to trial within the statutory time frame. It is obvious such reasoning does not comport with the purposes of the speedy trial statutes." (Citations omitted.)

to the state. In total, then, between the date of remand from this court (October 3, 1980) and November 26, 1980, a total of fifty-four days elapsed. Yet, in an interlocutory, pretrial appeal context, once an appellate court reverses and remands the case to the trial court, Ohio's speedy trial statutes apply. The prosecutor's duty resumes to prosecute the case diligently and bring the defendant to trial. See *State v. Willis* (1980), 69 Ohio App. 2d 128, 130 [23 O.O.3d 332].[4]

Between November 26, 1980, and February 5, 1981, the date on which the Ohio Supreme Court issued its mandate accepting review of Geraldo's appeal, seventy-one days passed. Since there is no indication in the record that the Supreme Court granted a stay of proceedings in the trial court *prior to* its February 5 mandate, the seventy-one days are all chargeable to the state.

The foregoing analysis should suffice as a brief indication of why reasonably meticulous journal entries and conscientious prosecutorial alacrity are absolutely essential to fulfilling the explicit mandate of Ohio's speedy trial statute.

With respect to the remaining six appellees, we have reviewed the record (including the trial court's journal entries) in their cases. That review has convinced us that the trial court properly dismissed the indictments and properly ordered their immediate discharge. In the present appeal *in Geraldo's case*, the state has *not* argued that its appeal of October 25, 1979 — its appeal of the trial court's suppression order — tolled the time under R.C. 2945.72(I) *for the remaining appellees*

(DiSalle, Bischoff, Lawrence, Roberts, Fredericks and Burden). It is far from clear that the time attributable to a state or defense appeal in *one* case is thereby attributable to *other* joint defendants. Since each case is normally to be decided on its own merits, *i.e.*, since the innocence or guilt of each defendant is to be determined *individually*, a strong argument can be made that time chargeable to one is not necessarily chargeable to other joint defendants, even though, in light of the evidence, they all appear similarly situated.

However, we need not decide that issue, for even *if* the remaining appellees' cases are deemed to be similarly situated vis-a-vis Geraldo's case for the purpose of computing time under R.C. 2945.71 *et seq.*, and the various time periods in all these cases are thereby calculated *uniformly*, we nevertheless find that the two hundred seventy-day limitation of R.C. 2945.71(C)(2) was exceeded, and grossly so. Accordingly, the state's second argument is unavailing. The trial court did not err in granting appellees' motions to dismiss the indictments herein.

On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellees are ordered discharged forthwith. R.C. 2945.73(B); App. R. 12(B). This case is remanded to said court for execution of judgment and assessment of costs. Costs assessed against appellant state of Ohio.

*Judgment affirmed.*

CONNORS, P.J., and RESNICK, J., concur.

---

[4] The prosecution cites *State v. Turner* (1982), 4 Ohio App. 3d 305, to support its argument that constitutional standards, rather than the statutory requirements of R.C. 2945.71 *et seq.*, should guide our disposition of this case.

Besides being factually and procedurally inapposite to, and therefore distinguishable from, the present case, the prosecution's eleventh-hour reference to *State v. Turner,* *supra*, is "too little, too late." Spurious arguments about "flexibility" and "reasonableness" will not alter the hard fact that six hundred eighteen days elapsed *without a trial*. Since the record reveals not the slightest justification for this phenomenon, the prosecution may not now evade the statutorily imposed consequences of its own sloth.

RESNICK, J., concurring. I concur in the court's affirmance. I write separately only to underscore the lengthy delays which have taken place throughout this case.

In this appeal, the prosecution argues the applicability of *State* v. *Turner* (1982), 4 Ohio App. 3d 305. In essence, the state's position is that speedy-trial issues in cases in which a defendant pursues numerous or lengthy appeals are more appropriately addressed by referring to the flexible constitutional test of *Barker* v. *Wingo* (1972), 407 U.S. 514, than by rigid adherence to the strict statutory requirements of R.C. 2945.71 *et seq.*[5]

However, in carefully examining the *Turner* case, one finds that it is easily and clearly distinguishable from the present one. The *Turner* case involved a *trial*, a conviction, an appeal from that conviction, a subsequent reversal and remand, and then, later, a dismissal of the case by the trial court.

Here, as is clear to everyone, there was *never* a trial. The prosecution appealed the trial court's suppression order on October 25, 1979. See R.C. 2945.67. As the majority notes, the state's appeal was both pretrial and interlocutory in nature. This court reversed the trial court and remanded the case on October 3, 1980. Thus, in a remand context *before* trial, *State* v. *Willis* (1980), 69 Ohio App. 2d 128

[23 O.O.3d 332], and *not State* v. *Turner, supra,* is the more persuasively reasoned and procedurally applicable case.

On appeal, the prosecution, in attempting to exonerate itself from the mathematical consequences of its own inaction, now vainly urges R.C. 2945.72(E) as a hindsight catch-all provision for tolling the three hundred thirty-six days that have passed. That attempt must fail since it has no merit whatsoever.

Even if we were to discount as chargeable to appellees the time which elapsed between appellee Geraldo's filing of his motion to suppress on April 23, 1979, and January 12, 1982, the date on which the Ohio Supreme Court remanded this case to the trial court, the remaining three hundred thirty-six days would still exceed the statutory time limit.[6] The passing of these three hundred thirty-six days, in light of all the other time which had passed, is simply inexcusable. Nothing in the record explains or justifies this delay.

I am compelled to conclude that not even a liberal reading of the statutory tolling provisions would save the indictments herein from being immediately dismissed or prevent appellees from being immediately discharged. See R.C. 2945.73(B). Consequently, the trial court did not err in granting appellees' motions to dismiss the indictments and, having added these brief comments, I concur in the majority's opinion and judgment.

---

[5] In *Barker* v. *Wingo* (1972), 407 U.S. 514, the United States Supreme Court set forth a four-factor balancing test for determining when a defendant's Sixth Amendment speedy trial right has been violated. Simply stated, the factors to be balanced are: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the length of the delay prejudiced the defendant's case.

[6] Also, even if we were to discount as chargeable to appellees the fifty-two days elapsing between Geraldo's filing of the certiorari petition on March 12, 1982, and its denial on May 3, 1982, the remaining two hundred eighty-four days running from January 12, 1982 until December 14, 1982 (roughly, nine months) would still exceed the two hundred seventy-day time limit of R.C. 2945.71(C)(2).