[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Ottawa County Municipal Court which found defendant-appellant, Alex Lee Denis, guilty of attempting to commit domestic violence in violation of R.C. 2923.02 after a trial to the bench.
This case was initiated on February 16, 1996 when Pamela Hendrix, appellant's former wife, filed a complaint in the Ottawa County Municipal Court charging appellant with domestic violence in violation of R.C. 2919.25(C). The charge arose from an altercation that occurred between appellant and Hendrix earlier that day and witnessed by Robert Denis, appellant's and Hendrix's son. Appellant was subsequently convicted of that charge after a jury trial. On January 17, 1997, this court reversed appellant's conviction on the ground that the trial court had improperly quashed appellant's subpoenas. See State v. Denis
(Jan. 17, 1997), Ottawa App. No. OT-96-027, unreported. In a subsequent decision and judgment entry, this court remanded the case to the trial court for further proceedings. See State v.Denis (Feb. 4, 1997), Ottawa App. No. OT-96-027, unreported. On February 12, 1997, appellant filed in this court a motion to remove Judge Frederick C. Hany II from presiding over his retrial. He also filed a motion in the trial court asking Judge Hany to recuse himself. In a decision and judgment entry dated March 14, 1997, we denied the motion on the ground that a court of appeals has no authority to determine issues of disqualification of trial court judges. The record from the trial court does not reveal a ruling on appellant's motion in that court. Subsequently, however, Judge James Bierce presided over the lower court proceedings.
The case was originally scheduled for a retrial on February 25, 1997. On February 24, 1997, appellant filed what was titled a motion to suppress but which was actually a motion inlimine seeking to prevent the state from using in the retrial any testimony given by Pamela Hendrix or Robert Denis in the first trial. On February 25, 1997, appellant appeared with counsel for trial. Appellant's counsel, however, filed a motion to withdraw on the ground that appellant's conduct made effective representation impossible. The trial court granted the motion and appellant asserted that he wished to proceed with the trial that day, with or without counsel. The state then moved to amend the complaint to a charge of attempted domestic violence, thereby reducing the offense from a fourth degree misdemeanor to a minor misdemeanor. The court granted the motion to amend over appellant's objection and asked the parties if they were ready to proceed with the trial. The state responded by requesting a continuance on the ground that it had been unable to locate its two key witnesses, Pamela Hendrix and Robert Denis, since the case had been remanded to the trial court. The court granted the continuance but warned the state that if it could not find the witnesses, the case would be dismissed. Additionally, although the court did not cite it as a reason for granting the continuance, the transcript from the February 25, 1997 hearing reveals that one of appellant's witnesses, David Bolt, was unavailable on that day. There is no journal entry regarding the granting of this continuance. Appellant then requested new, court appointed counsel. The court, however, informed him that because the charge had been reduced to a minor misdemeanor, he was no longer entitled to court appointed counsel. Thereafter, the court recessed, and the case was rescheduled for trial on April 25, 1997.
On April 2, 1997, Howard C. Whitcomb III entered his appearance as appellant's attorney of record. He further filed a request for discovery. On April 25, 1997, the case proceeded to a trial to the bench, after which appellant was found guilty of attempted domestic violence. The court fined appellant $100 plus court costs and suspended $50 of the fine on the condition that appellant commit no repeat violations. From that conviction and sentence, appellant has filed this appeal pro se and now raises the following assignment of error:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT HIS RIGHT TO COMPULSORY PROCESS AS GAUARANTEED [SIC] BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AN [SIC] ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO, AND TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION"
Appellant makes numerous, though inarticulate, arguments in support of his assignment of error. Specifically, appellant asserts that he was deprived of his right to a speedy trial, right to appointed counsel, right to a jury trial and right to compulsory process. In addition, he contends that he was deprived of the effective assistance of counsel due to his trial counsel's refusal to allow him to testify in his own behalf and that his conviction was against the manifest weight of the evidence.
We will first address appellant's speedy trial argument. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. In Ohio, this right has been codified and further defined in R.C. 2945.71 through 2945.73, which the Supreme Court of Ohio "* * * has repeatedly announced * * * trial courts are to strictly enforce * * *." State v. Pachay (1980), 64 Ohio St.2d 218,221. R.C. 2945.71(A) provides that one against whom a charge of minor misdemeanor is pending shall be brought to trial within thirty days after his arrest or service of summons. It is well established, however, that the demands of R.C. 2945.71, and the exceptions to those demands set forth in R.C. 2945.72, do not apply to retrials after an initial conviction has been reversed on appeal. State v. Fanning (1982),1 Ohio St.3d 19; State v. Welch (Nov. 8, 1996), Lucas App. No. L-95-353, unreported. "The standard to be applied, therefore, is basically reasonableness under federal and state constitutions." Fanning, supra, at 21. In determining whether the delay in retrying appellant was reasonable, four factors are relevant to our analysis: "[l]enght of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo (1972),407 U.S. 514, 532; State v. Brown (Mar. 17, 1989), Erie App. No. E-88-13, unreported.
Initially we note that in granting a continuance pursuant R.C. 2945.72(H), a trial court must enter the order of continuance and the reasons therefore by journal entry. State v. Collins (1993), 91 Ohio App.3d 10, 15. "Time elapsing during the period of any continuance not so recorded will be charged against the state for purposes of computing time under R.C. 2945.71et seq." State v. Geraldo (1983), 13 Ohio App.3d 27,27. However, because the provisions of R.C. 2945.71 to 2945.73 do not apply to retrials, the trial court's failure to journalize its granting of a continuance in this case is not determinative of the speedy trial issue. Rather, we must consider the factors stated above to determine if the time delay in holding appellant's retrial was reasonable.
This court remanded the case for retrial on February 4, 1997 and appellant was ultimately tried on April 25, 1997, or seventy-nine days after our remand order. The case, however, was hardly stagnant during that time period. On February 12, 1997, appellant filed motions in both the trial court and this court seeking to have Judge Hany removed from the case. This court did not rule on the matter until March 14, 1997. Thereafter, on April 2, 1997, appellant obtained new counsel who then entered his appearance in the case and filed a request for discovery. While appellant did assert his right to a speedy trial at the February 25, 1997 hearing and demanded that the case proceed to trial that day, at that time his motions to have Judge Hany removed from the case were still pending and Judge Bierce indicated that it was not yet clear who would hear the case. After obtaining new counsel appellant never again raised the speedy trial issue. Finally, appellant has not asserted, and we fail to see, how he was prejudiced by the delay in his retrial. In particular, we note that he was not incarcerated during that time period.
Under the circumstances of this case, and in consideration of the foregoing factors, we do not find that appellant was deprived of his right to a speedy trial.
Appellant next contends that he was deprived of his right to appointed counsel. It is well-settled, however, that a defendant has no constitutional right to court-appointed counsel when no term of incarceration may be given as a sentence. State v. Buchholz
(1984), 11 Ohio St.3d 24, 28. Appellant was tried on a minor misdemeanor charge which carried a maximum penalty of a $100 fine. Accordingly, he was not deprived of a constitutional right to court-appointed counsel.
Appellant further asserts that he was deprived of his right to a jury trial. Again, however, because the maximum potential penalty involved in this case was a $100 fine, appellant was not entitled to a jury trial. R.C. 2945.17.
Next, appellant contends that he was deprived of his right to compulsory process. The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution provide that a criminal defendant shall have the right to compulsory process to procure the attendance of witnesses in his favor. On April 22, 1997, appellant's trial counsel filed a praecipe requesting that subpoenas be issued directing Pamela Hendrix, Robert Denis and Toni DeLuca to appear as witnesses for appellant at the April 25, 1997 trial. Those subpoenas were issued, the witnesses appeared and appellant called them to testify. While the court ultimately ruled that DeLuca could not testify because her testimony would violate the psychologist-patient privilege, that ruling in no way implicated appellant's right to compulsory process.
Appellant further asserts that he was deprived of the effective assistance of counsel because his trial counsel refused to allow him to testify in his own behalf. The standard for evaluating a claim of ineffective assistance of counsel was enunciated by the Supreme Court of Ohio in State v. Bradley
(1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011, as follows:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391; * * * Strickland v. Washington
[1984], 466 U.S. 668, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
Further, there is "`a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *.'" Bradley, supra, at 142 quoting Strickland, supra, at 689. Ohio presumes a licensed attorney is competent. Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299.
This court's review of the entire record of proceedings in the trial court fails to disclose any evidence that appellant's counsel committed errors or represented appellant in a manner that fell below an objective standard of reasonableness. Appellant's trial counsel thoroughly cross-examined Pamela Hendrix and Robert Denis, the two key witnesses, and effectively raised questions regarding their version of the events at issue. The record indicates that at the conclusion of his case, appellant's counsel asked the court for a moment to confer with his client, did so confer, and then rested. Neither appellant nor his counsel indicated any desire on the part of appellant to testify. Counsel's failure to call appellant to testify was clearly a tactical decision and, likely, a wise one given the animosity between appellant and Hendrix. Accordingly, appellant has failed to establish how he was denied the effective assistance of counsel. See State v. Hogan (June 8, 1995), Cuyahoga App. No. 66956, unreported.
Finally, appellant asserts that his conviction was against the manifest weight of the evidence. In reviewing a criminal conviction, this court may not reverse the judgment of the trial court as being against the manifest weight of the evidence if, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making such a determination, it is not the role of a reviewing court to weigh the evidence presented or to judge the credibility of witnesses. State v. Clay (1973), 34 Ohio St.2d 250,251.
Appellant was convicted of attempted domestic violence in violation of R.C. 2923.02. Upon review of the evidence presented in the court below, we conclude that there was substantial evidence presented upon which a rational trier of fact could find beyond a reasonable doubt that appellant was guilty of the crime of attempted domestic violence.
Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.