When the trial court denied Defendant-Appellant's motion for discharge, it found that the continuances which extended his trial past the statutory speedy trial limit were granted on Defendant-Appellant's own motion. Ordinarily, and absent any contrary indications in the record, the presumption of regularity would require us to support that finding. However, a contrary rule is necessary to preserve the intent of the speedy trial statute. State v. Lee (1976), 48 Ohio St.2d 208.
The Court of Appeals of Lucas County has held:
 "For purposes of R.C. 2945.72, the unequivocal and repeated holding of the Ohio Supreme Court (and of this court) has been: (1) that the granting of a continuance must be recorded by the trial court in its journal entry; (2) that the journal entry must identify the party to whom the continuance is chargeable; and (3) that if the trial court is acting sua sponte, the journal entry must so indicate and must set forth the reasons justifying the continuance. * * * Periods of time otherwise tolled by a defense continuance must be counted against the state, if not so recorded as indicated above." (Citations omitted).
State v. Geraldo (1983), 13 Ohio App.3d 27, 30-31.
I believe that the rule set out in Geraldo is not only clear and succinct, but also that following it will avoid the pitfalls that may ensue from a more equivocal pronouncement. Therefore, I would follow and adopt the rule of Geraldo. On that basis, the period of delay resulting from the three continuances that the trial court granted is chargeable to the State, and Defendant-Appellant is entitled to discharge, as Judge Fain has stated.
Copies mailed to:
Gil S. Weithman
Darrell L. Heckman
Hon. Susan J. Fornof-Lippencott