OPINION
{¶ 1} Defendant-appellant Joseph Henry appeals from his sentence and conviction in the Licking County Court of Common Pleas arguing that his right to a speedy trial was violated. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 21, 2003, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1) and/or (A)(2), a felony of the second degree. The case proceeded to a pretrial conference conducted on January 14, 2004. Following that pretrial conference, the trial court entered a Pretrial Entry which stated that the parties agreed that the speedy trial deadline was August 21, 2004. Thereafter, the trial court selected a trial date of June 16 and June 17, 2004, for a jury trial.
 {¶ 3} On June 8, 2004, appellant filed a motion to dismiss in which he argued that he was not brought to trial within speedy trial parameters. Appellant asserted that the speedy trial deadline to conduct the trial (try by date) was June 3, 2004. The State filed a response to the motion to dismiss on June 11, 2004. In that response, the State admitted that "[I]t would appear that [appellant] is correct, in that the statutorily mandated speedy trial time would have expired on or about June 3, 2004. The undersigned made an error in calculating speedy trial time for purposes of the Pre-Trial Conference."
 {¶ 4} Although there is no Judgment Entry indicating a denial of appellant's motion to dismiss, the transcript of proceedings indicates that the trial court overruled appellant's motion to dismiss based upon a finding that there was no speedy trial violation pursuant to State v.Johnson, Delaware App. No. 01-CA-A-01-014, 2002-Ohio-261. Transcript of Proceedings, pg. 65-66. The case proceeded to a jury trial. On June 17, 2004, the jury returned a verdict of guilty as charged. On July 28, 2004, appellant was sentenced to a two-year prison term.
 {¶ 5} It is from this conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 6} "The trial court committed prejudicial error by failing to dismiss the charges against defendant/appellant for failing to follow the statutory speedy trial time constraints and due process under the Ohio and United States Constitutions. The trial court accordingly erred as a matter of law by denying defendant/appellant's motion to dismiss as the state failed to prosecute this case within the speedy trial time limits mandated by R.C. [Sec.] 2945.71 et. seq."
 {¶ 7} In the sole assignment of error, appellant contends that the trial court committed prejudicial error when it denied appellant's motion to dismiss for violation of appellant's right to a speedy trial, made pursuant to R.C. 2945.71 et seq. We agree.
 {¶ 8} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Under R.C. 2945.71(C) (2), defendants charged with felonies must be brought to trial within 270 days, or within 90 days if they are jailed while awaiting trial. The right to a speedy trial is established by R.C. 2945.71 through R.C. 2945.73. Because Ohio's statutory speedy trial provisions enforce an accused's constitutional right to a speedy trial, trial courts must strictly enforce that right. State v. Pachay
(1980), 64 Ohio St.2d 218, 416 N.E.2d 589. Consequently, the speedy trial statute must be strictly construed against the state. State v. Singer
(1977), 50 Ohio St.2d 103, 105-106, 362 N.E.2d 1216.
 {¶ 9} "Upon appellate review, a speedy trial issue raises a mixed question of fact and law. We accept the facts found by the trial court on some competent credible evidence, but freely review application of the law to the facts." State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980. An accused establishes a prima facie case for discharge pursuant to R.C. 2945.73 once the accused demonstrates that the time limit imposed by R.C. 2945.71 has been exceeded. State v. Butcher (1986),27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. The burden then shifts to the state to show that the time limit was extended pursuant to R.C. 2945.72.State v. Butcher, 27 Ohio St.3d at 31; State v. Geraldo (1983),13 Ohio App.3d 27, 28, 468 N.E.2d 328.
 {¶ 10} Defendants may waive their right to a speedy trial. State v.King (1994), 70 Ohio St.3d 158, 160, 637 N.E.2d 903. However, waivers must be made knowingly, voluntarily, and intelligently. State v. Adams
(1989), 43 Ohio St.3d 67, 69, 538 N.E.2d 1025. "For a waiver to be entered into knowingly, it is elementary that the defendant understand the nature of the charges against him, as well as know exactly what is being waived and the extent of the waiver." Id. at 69.
 {¶ 11} Furthermore, courts must "`indulge every reasonable presumption against waiver' of fundamental constitutional rights and . . . we `do not presume acquiescence in the loss of fundamental rights.'" Adams, supra, at 69 (quoting Johnson v. Zerbst (1938), 304 U.S. 458, 464, 58 S. Ct. 1019,82 L.Ed. 1461). A waiver is an intentional relinquishment or abandonment of a known right. Id. To be effective, the trial court's journal must affirmatively demonstrate that the accused waived his right by a signed written waiver, an act, or by acquiescence made in open court on the record. State v. King, supra at 161.
 {¶ 12} In the case sub judice, the relevant facts are not in dispute. Appellant's trial was conducted 13 days beyond the speedy trial deadline. Consequently, appellant has demonstrated a prima facie case for discharge. The State (appellee) must therefore show that the deadline was extended pursuant to R.C. 2945.72.[1]
 {¶ 13} Appellee contends that appellant's counsel waived any claim to a violation of appellant's speedy trial rights when counsel agreed with the Pretrial Entry issued by the trial court which stated, in paragraph B, that the "parties agree that the speedy trial provisions require that the trial in this matter be held no later than: 8/21/04." That Pretrial Entry was signed by appellant's counsel.
 {¶ 14} In support of this argument, appellee points to this court's decision in State v. Johnson, Delaware App. No. 01CA-A-01-014, 2002-Ohio-261. In Johnson, this court held that a stipulation entered into by the prosecutor and the defendant's counsel in which the defendant agreed to permit the trial to proceed no later than a given date and that given date was after the expiration of the speedy trial deadline, waived the defendant's speedy trial right. In that case, the stipulation read as follows: "The State of Ohio and the Defendant hereby agree and stipulate that, in conformity with the provisions of section 2945.71(C) and (E) of the Ohio Revised Code, the trial of this case must be commenced no later than March 5, 2001."[2] The stipulation was written in ink and signed by the prosecuting attorney, the defendant's counsel and the defendant. Since the trial was conducted prior to March 5, 2001, this court concluded that the defendant's speedy trial violation was waived.
 {¶ 15} In this case, the State analogizes the trial court's Pretrial Entry in this case to the stipulation in Johnson. The State asserts that appellant waived any violation of his speedy trial rights because the trial was conducted prior to the date set forth as the try-by date in that Pre-trial Entry.
 {¶ 16} Appellant, on the other hand, argues that this case can be distinguished from Johnson. We agree.
 {¶ 17} In this case, the Pretrial Entry, which was a pre-printed form, had a sentence, identified as paragraph A, located just above paragraph B, that was designed to be used to waive speedy trial rights. That sentence stated "[t]he defendant (does) (does not) agree to waive the speedy trial provisions." This sentence was not marked in any way. Most significantly, it was not marked so as to indicate that appellant was waiving his speedy trial rights. In light of the fact that there was such a sentence immediately above the sentence from which the appellee wants this court to infer a waiver of speedy trial rights and it does not indicate that appellant wished to waive those rights, we cannot find an affirmative demonstration that appellant waived his right to a speedy trial through a signed written waiver. Had appellant intended to waive his right to a speedy trial, it would have been a simple matter to indicate so in paragraph A.
 {¶ 18} Further, in this case, there seems to be no doubt that the try-by date was chosen as a result of a miscalculation by the prosecutor. In Johnson, there was no indication as to how the try-by date was selected, i.e. there was no indication of a mistake by the State. InJohnson, the fact that appellant entered into a written stipulation indicates that there was some participation by appellant's counsel or reason that the parties felt a need to enter into such a stipulation. In this case, it is clear that the State simply made a mistake and this mistake was recorded on a pre-printed form used by the trial court for pre-trial conferences.
 {¶ 19} Accordingly, we find that Johnson is not controlling. Further, we find that there was no affirmative demonstration of waiver of appellant's right to a speedy trial.
 {¶ 20} We are not unmindful of the fact that appellant stands convicted of a serious felony offense. However, as we see and understand our obligation under the law, we have no recourse but to follow the directives of the Ohio Supreme Court. Appellant's sole assignment of error is sustained.
 {¶ 21} Accordingly, the judgment of the Licking County Court of Common Pleas is reversed and a final judgment of acquittal is entered for appellant.
Edwards, J. and Wise, J. concur.
Hoffman, P.J. dissents.
[1] "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
"(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
"(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
"(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
"(D) Any period of delay occasioned by the neglect or improper act of the accused;
"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
"(F) Any period of delay necessitated by a removal or change of venue pursuant to law;
"(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;
"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
"(I) Any period during which an appeal filed pursuant to section 2945.67
of the Revised Code is pending." R.C. 2945.72.
[2] "(C) A person against whom a charge of felony is pending:
"(1) Notwithstanding any provisions to the contrary in Criminal Rule 5(B), shall be accorded a preliminary hearing within fifteen consecutive days after the person's arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after the person's arrest if the accused is held in jail in lieu of bail on the pending charge;
"(2) Shall be brought to trial within two hundred seventy days after the person's arrest.
. . .
"(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section." R.C. 2945.71.