[Cite as *State v. Pollock*, 2012-Ohio-2819.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA3267 |
| | : | |
| vs. | : | **Released: June 13, 2012** |
| | : | |
| RANDY POLLOCK, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Stephen K. Sesser, Chillicothe, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Richard W.
Clagg, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for
Appellee.

_____

McFarland, J.:

{¶1} Appellant, Randy Pollock, appeals the judgment of the Ross

County Court of Common Pleas finding him guilty after he pled no contest

to aggravated robbery, a first degree felony in violation of R.C. 2911.01,

with a firearm specification. On appeal, Appellant contends that the trial

court erred in overruling his motion to dismiss on speedy trial grounds. In

light of our conclusion that the State failed to bring Appellant to trial within

the speedy trial limit, we sustain Appellant's sole assignment of error.

Accordingly, the judgment of the trial court is reversed and the case is

remanded for discharge pursuant to R.C. 2945.73.

FACTS

{¶2}Appellant was arrested on August 13, 2010, during the course of

an investigation related to the aggravated robbery of a Circle K store in

Chillicothe, Ohio, that occurred on August 12, 2010. Appellant was taken to

jail and was held on the aggravated robbery charge, as well as four other

unrelated misdemeanor charges, until August 23, 2010, at which time a

preliminary hearing was held and Appellant was bound over to the Common

Pleas Court. Appellant remained incarcerated solely on the pending felony

aggravated robbery charge from August 23, 2010, until he pled no contest to

the charge on June 15, 2011.[1]

{¶3}There were several defense motions filed between August 23,

2010, and June 15, 2011. On September 29, 2010, Appellant filed a demand

for discovery, which the State provided the same day.[2] On October 27,

2010, Appellant filed a motion for a competency evaluation, which resulted

---

[1] Although the parties on appeal both argue that Appellant was held solely on the pending aggravated robbery charge beginning August, 30, 2010, the transcript from the hearing on the motion to dismiss indicates that both parties and the court all agreed that Appellant was held solely on the aggravated robbery charge beginning on August 23, 2010. Because the record before us contains nothing regarding the dismissal of Appellant's unrelated misdemeanor charges, we will rely on the date referred to in the transcript.

[2] We could not locate anything in the record to confirm that the State responded to Appellant's discovery demand the same day it was filed, with the exception of the mentioning of this fact in the transcript from the hearing on the motion to dismiss.

in a hearing being held and a decision being announced on December 7, 2010.[3] Then, on December 14, 2010, one week prior to the scheduled December 21, 2010, trial, Appellant's counsel filed a motion to withdraw. The trial court granted the motion to withdraw by order dated December 22, 2010, and by the same order the trial court appointed new counsel. By a separate entry filed on December 22, 2010, the trial court reassigned the trial date to February 23, 2011. On February 18, 2011, Appellant filed a pro se request for a bill of particulars, followed by a motion to dismiss based upon speedy trial grounds, by counsel, on February 19, 2011.

{¶4}Many additional motions and continuances were filed and granted from February 19, 2011, until Appellant pled no contest on June 15, 2011. After pleading no contest, Appellant was sentenced, by sentencing entry dated July 29, 2011, to a four year prison term for aggravated robbery, as well as three additional years on the firearm specification, for a total of seven years. It is from this entry that Appellant now brings his timely appeal, assigning a single assignment of error for our review.

---

[3] Again, the record does not contain an entry or decision finding Appellant competent to stand trial on December 7, 2010. However, the trial court stated on the record during the hearing on the motion to dismiss that a decision was announced finding Appellant competent to stand trial on December 7, 2010, and that the speedy trial clock began to run again on December 8, 2010. In the absence of any argument to the contrary, we will rely on this date.

ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED IN OVERRULING POLLOCK'S
       MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS."

LEGAL ANALYSIS

{¶5}In his sole assignment of error, Appellant contends that the trial court erred in overruling his motion to dismiss on speedy trial grounds. Appellant argues that the specific question presented in this case is "[w]hether or not speedy trial time should be tolled when a trial court sua sponte issues a continuance that does not identify the party to whom it is chargeable or the reasons justifying the continuance." The particular continuance at issue herein was ordered as a result of the trial court's December 22, 2010, entry which rescheduled the trial from December 21, 2010, to February 23, 2011. The State agrees that the issue in this case is narrow, but argues that speedy trial time was tolled as a result of the December 22, 2010, entry, in part due to Appellant's counsel's withdrawal from representation one week prior to the scheduled December 21, 2010, trial.

{¶6}Our review of a trial court's decision regarding a motion to dismiss for an alleged speedy trial violation involves mixed questions of law and fact. See, e.g., *State v. Alexander*, 4th Dist. No. 08CA3221, 2009-Ohio-1401, at ¶ 15. We accord due deference to the trial court's findings of fact if

they are supported by competent, credible evidence. Id. However, we independently determine whether the trial court properly applied the law to the facts of the case. Id.

{¶7} "The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. R.C. 2945.71 implements this guarantee with specific time limits within which a person must be brought to trial." *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10. If the State fails to bring a defendant to trial within the time required by R.C. 2945.71 and 2945.72, the trial court must discharge the defendant upon motion made at or prior to the start of trial. R.C. 2945.73(B). The Ohio Supreme Court has "imposed upon the prosecution and the trial courts the mandatory duty of complying" with the speedy trial statutes. *State v. Singer*, 50 Ohio St.2d 103, 105, 362 N.E.2d 1216 (1977); see, also, *State v. Parker* 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 14-15. We must strictly construe the speedy trial statutes against the state. See *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

{¶8}R.C. 2945.71 requires the State to try a person accused of a felony "within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). Under R.C. 2945.71(E), each day that a defendant is

incarcerated in lieu of bond on the pending charge counts as three days. An accused presents a prima facie case for discharge by demonstrating that his case was pending for a time exceeding the statutory limits provided in R.C. 2945.71. See, e.g., *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986). The burden then shifts to the state to show that the time limit was extended under R.C. 2945.72. Id. at 31.

{¶9}R.C. 2945.72 sets forth the circumstances under which the two hundred seventy day period may be extended. R.C. 2945 .72 provides:

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period

during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

{¶10}As set forth above, Appellant was arrested and subsequently indicted for felony aggravated robbery. The State had to try Appellant within 270 days from the date of his arrest August 13, 2010. At the time Appellant filed his motion to dismiss based upon speedy trial grounds on February 19, 2011, 552 days had elapsed for purposes of speedy trial time, taking into consideration the fact that Appellant was incarcerated the whole time, and applying the triple count provision pursuant to R.C. 2945.71(E). Thus, Appellant has presented a prima facie case for discharge by demonstrating that his case was pending for a time exceeding the statutory limits provided in R.C. 2945.71. See, *State v. Butcher*, supra, at 30-31. As such, the burden shifts to the state to show that the time limit was extended under R.C. 2945.72. Id. at 31. The State argues that the time limit was extended by application of R.C. 2945.72(C) and (E), which toll time during periods when the accused lacks counsel, and also for motions filed by the accused. However, after reviewing the record, and based upon the following analysis, we conclude that the State did, in fact, fail to bring Appellant to trial within the statutory speedy trial limitations.

{¶11}When Appellant filed his motion to dismiss based upon speedy trial limitations on February 19, 2011, 191 calendar days elapsed. We arrive at that number starting from August 14, 2010, the day after Appellant's arrest.[4] Further, we note that Appellant was jailed for nine days before the triple count provision took effect on August 23, 2010. Thus, applying the triple count provision, 552 days passed for purposes of speedy trial. Beginning on August 14, 2010, and counting forward, speedy trial time was tolled for one calendar day, or three speedy trial days, with the filing of Appellant's demand for discovery on September 29, 2010, and the State's answer thereto filed on the same day. *Younker* at ¶ 16 ("We do not include the date the defendant files a motion or request in our count of days tolled unless the filing date was also the date the court resolved the motion or the prosecution responded to the request."); citing *State v. Staffin*, 4th Dist. No. 07CA2967, 2008-Ohio-338, fn. 1.

{¶12}Subsequently, Appellant filed a motion for a competency evaluation on October 27, 2010, which was not resolved until a hearing was held on December 7, 2010, at which time a decision was apparently announced orally. As such, applying the triple count provision, 123 days were tolled for purposes of speedy trial time. Further, on December 14,

---

[4] The date of arrest does not count against the State in computing speedy trial time. *State v Younker*, 4th Dist. No. 07CA18, 2008-Ohio-6889, ¶ 15, citing *State v. Madden*, 10th Dist. No. 04AP-1228, 2005-Ohio-4281, ¶ 28; Crim.R. 45(A).

2010, just one week before the scheduled December 21, 2010, trial, Appellant's counsel filed a motion to withdraw. The trial court issued an order on December 22, 2010, granting Appellant's counsel's motion to withdraw and simultaneously appointing new counsel. Thus, from December 14, 2010 to December 22, 2010, 24 more days were tolled for speedy trial purposes. At this time, taking into consideration the time tolled due to motions filed by Appellant and applying the triple count provision, 225 days had elapsed for purposes of speedy trial. As such, the State had until January 6, 2011, to bring Appellant to trial.[5]

{¶13}However, by a separate entry dated December 22, 2010, the trial court sua sponte reassigned the trial date to February 23, 2011, without citing its reasons for doing so or stating which party would be charged with the time. While Appellant argues that the speedy trial clock began to run again on December 23, 2011, the State contends that the trial court's continuance of the trial was attributed to Appellant's counsel's withdrawal, and that the time from December 23, 2010, to the new trial date of February 23, 2011, should be tolled. Further, a review of the record reveals that the trial court's December 22, 2010, entry was simply time stamped by the judge on that date, but was not journalized until January 11, 2011, which

---

[5] Subtracting 225 days from 270 days results in 45 calendar days, or 15 speedy trial days taking into account the triple count provision.

was five days after speedy trial time had run. See *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus ("When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial.")

{¶14}Appellant relies upon the prior reasoning of this Court in *State v. Wagner*, 88 Ohio App.3d 398, 623 N.E.2d 1338 (4th Dist. 1993) in support of his argument that the speedy trial clock began to run after the filing of the trial court's December 22, 2010 entry. In *Wagner*, the Ohio Public Defender moved for leave to withdraw as counsel for the defendant one week before the scheduled trial. The trial court granted the motion and appointed new counsel the day after the motion was filed, and then the trial court sua sponte continued the trial for nearly four months. Id. at 401. There was no reason for the continuance specified in the court's journal entry. Id.

{¶15}The facts in *Wagner* are strikingly similar to the facts we are presented with herein. Here, Appellant's counsel also moved to withdraw one week before the scheduled trial. The trial court granted the motion and appointed new counsel eight days later on December 22, 2010. We are mindful of the fact that this occurred one day after the trial was scheduled to

take place; however, at the point when new counsel was appointed for Appellant, fifteen calendar days remained in which the trial should have been scheduled. Further, much like the facts in *Wagner* and of key importance, neither the State nor Appellant's newly appointed trial counsel requested a continuance. Id. at 403. Additionally, and as in *Wagner*, the trial court's entry reassigning the trial date did not include reasons for continuing the trial date, nor did it identify the party to whom the continuance was chargeable.

> In *Wagner*, based upon similar facts, we reasoned as follows:
> "The Ohio Supreme Court has held that, when sua sponte granting a continuance, 'the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit * * * for bringing a defendant to trial.' (Emphasis added.) *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, syllabus. The courts of appeals in the state have given further expression to this principle by requiring that the journalized continuance identify the party to whom it is chargeable as well as indicate the reasons justifying the continuance. See, generally, *State v. Collura* (1991), 72 Ohio App.3d 364, 368, 594 N.E.2d 975, 977; *State v. Benson*

(1985), 29 Ohio App.3d 321, 323, 29 OBR 448, 450, 505

N.E.2d 987, 990; *State v. Geraldo* (1983), 13 Ohio App.3d 27,

31, 13 OBR 29, 33, 468 N.E.2d 328, 332; *State v. Broerman*

(Feb. 18, 1983), Lucas App. No. L-82-284, unreported, 1983

WL 13845. A continuance which does not satisfy these

requirements must be counted against the state. *Geraldo*, supra,

13 Ohio App.3d at 31, 13 OBR at 33, 468 N.E.2d at 332."

*Wagner* at 402.

See also *State v. Corfias*, 4th Dist. No. 93CA03, 1994 WL 501766

(Aug. 30, 1994), ("Generally, a continuance that properly extends the

speedy trial time must be recorded by the trial court in its journal

entry, which must identify the party to whom the continuance is

chargeable and, if the court is acting sua sponte, the journal entry must

so indicate and set forth the reasons justifying the continuance.")

Thus, in *Wagner*, we ultimately held that because the lower court's entry

failed to indicate any reason justifying the sua sponte continuance and also

failed to identify the party to whom it was chargeable, the additional time

must be counted against the State.  *Wagner* at 402.

{¶16}This court acknowledged the holding of *Wagner* in *State v.*

*Ross*, 4th Dist. No. 04CA2780, 2005-Ohio-1888.  However, noting factual

differences, namely in that the trial court's entry in *Ross* specifically stated that the reason for the continuance was due to counsel's unavailability, we declined to apply *Wagner*. *Ross* at ¶ 14. Further, we are mindful of our more recent decision in *State v. Staffin*, 4th Dist. No. 07CA2967, supra, which, at ¶ 11 seems to call into question the requirement that the trial court identify the party against whom the continuance is chargeable. However, because *Staffin* involved the State's request for a continuance rather than a sua sponte continuance by the court, we find it to be factually distinguishable. Id. at ¶ 12. In fact, we find this distinction to be key in that in ¶ 11, *Staffin* cites *State v. Conkright*, 6th Dist. No. L-06-1107, 2007-Ohio-5315, ¶ 29 for the proposition that "[A]lthough the court must put the reasons for continuance into a journal entry when it grants a sua sponte continuance, when a state's request for a continuance is granted, the reasons need merely be in the record."

{¶17}Based upon the foregoing, and following the reasoning espoused in both *Wagner* and *Mincy*, supra, we do not believe that the trial court's December 22, 2010, entry reassigning the trial date to February 23, 2011, (which entry was not even journalized until January 11, 2011) tolled speedy trial time. Rather, we conclude that the speedy trial clock began to run again on December 23, 2010, after new counsel was appointed, and

continued to run until the filing of Appellant's motion to dismiss on February 19, 2011.[6]    At that time, 399 days had elapsed for purposes of speedy trial.  As such, the trial court erred in denying Appellant's motion to dismiss and/or for discharge.

{¶18}We share in the Supreme Court of Ohio's reluctancy in reaching this result, as expressed in *State v. Mincy* as follows:

> "We are reluctantly aware that our decision requires that appellee, convicted by a jury of a serious offense, be discharged and that another prosecution on this charge is barred. R.C. 2945.73(D). However, we are equally mindful that we have consistently held that the speedy trial statutes are mandatory and must be strictly enforced. *State v. Pachay* (1980), 64 Ohio St.2d 218, 221, 416 N.E.2d 589 [18 O.O.3d 427]."  *Mincy* at fn. 3.

Obviously, the present case involves a no contest plea rather than a finding of guilt by a jury; however, the end result is the same.

{¶19}Nonetheless, Appellant's sole assignment of error is sustained, the judgment of the trial court is reversed and the case is remanded for discharge pursuant to R.C. 2945.73.

---

[6] February 19, 2011 was actually tolled due to Appellant's pro se filing of a request for a bill of particulars on February 18, 2011.

**JUDGMENT REVERSED.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J.: Concurs in Judgment and Opinion.
Abele, P.J.: Concurs in Judgment Only.

For the Court,

BY:  _____
     Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**